302 A.2d 801.

EDGAR L. LADOUCEUR *vs.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

APRIL 10, 1973.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J.   This civil action was brought to recover on a contract for disability insurance.   Edgar L. Ladouceur, the plaintiff, alleging that he suffered sickness and injury as defined in the contract, filed a claim with The Prudential Insurance Company of America, the defendant, pursuant to the insurance policy.   Upon the defendant's refusal to pay the plaintiff's claim, the plaintiff brought suit.   The defendant moved for summary judgment under Super. R. Civ. P. 56, which was granted by the trial justice.   The plaintiff has appealed the judgment to this court.

It appears from the pleadings, answers to interrogatories, and plaintiff's affidavit filed in the case that plaintiff, Edgar L. Ladouceur, on October 3, 1968, executed defendant company's standard application form for disability insurance. As a result thereof on October 6, 1968, Dr. John P. Hogan, a physician employed by defendant, called on plaintiff at

his home, where he performed a medical examination on plaintiff. The application contains a number of questions which inquire into the medical history of the applicant, his prior physical condition, and the state of his health in general, all of which were answered at that time by plaintiff. The plaintiff, in his affidavit, asserted that Dr. Hogan found him to be a "perfect example of health." Subsequently defendant issued the requested disability insurance policy to Mr. Ladouceur. On the morning of October 18, 1968, Edward Cooper, an agent of defendant, called on plaintiff and delivered the policy, at which time plaintiff paid the initial premium.

It also appears from the record that on October 15, 1968, plaintiff experienced a stiff neck and a headache with discomfort in his right arm and numbness in his right hand. Because of these symptoms he consulted his personal physician, Dr. Robert Brochu, who told him to return for further examination on October 18. However, on October 17 the symptoms became quite severe, and Dr. Brochu referred him to another physician, who on October 18 caused him to be admitted to St. Joseph's Hospital. On the nineteenth of October a myelogram disclosed that plaintiff had a ruptured disc. He underwent surgery on October 21, 1968, to correct that condition. To recover for the loss incurred as a result of this operation, plaintiff sought his benefits under the disability insurance policy.

Prudential declined to pay Mr. Ladouceur's claim, contending that the policy had never become effective. In support of this proposition, it directs our attention to the following provision in the application executed by Ladouceur:

"[N]o insurance shall take effect unless: (a) a policy is issued by the Company and delivered to and accepted by me, and (b) the initial premium thereon is paid, and (c) all of the answers to the questions in Part 1 and Part 2 of the application continue to be true and complete answers as of the date of delivery of the policy,

in which case the insurance shall be deemed to have taken effect as of the effective date stated in the policy."

The defendant now contends that one condition precedent to the attachment of liability under the policy is that the answers to the questions in Part 2 of the application continue to be true and complete answers as of the date of the delivery of the policy. It argues that because plaintiff became symptomatic and consulted a physician prior to October 18, the date of delivery, the answer to question 9(a) of Part 2 did not continue to be true and complete until the date of the delivery of the policy. Question 9(a) of the policy inquires: "Have you, within the past 5 years, ever: (a) consulted or been attended by or been examined by any doctor?" The application showed that the answer to this was "No." The defendant now contends that the answer to this question was not true and complete at the date of delivery, and, therefore, the policy did not become effective on delivery.

In his decision on defendant's motion for summary judgment, the trial justice concluded that the provision quoted above conditioned the contract for insurance upon the good health of the applicant continuing up to and including the date of the delivery of the policy. The trial justice found that the fact of Mr. Ladouceur's good health had changed prior to October 18. Because of this change in health, the trial justice concluded that the policy never came into effect and granted defendant's motion for summary judgment.

Summary judgment is authorized by Super. R. Civ. P. 56(c) when "* * * the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." *Mill Factors Corp.* v. *L. S. Building Supplies, Inc.*, 103 R. I. 675, 240 A.2d 720 (1968).

On such a motion the trial justice must consider the affi-

davits and pleadings in the light most favorable to the opposing party, and only when it appears that there is no genuine issue of material fact can summary judgment be ordered. *Marandola* v. *Hillcrest Builders, Inc.,* 102 R. I. 46, 49, 227 A.2d 785, 787 (1967). Granted that summary judgment is a drastic remedy and should be cautiously applied; nevertheless, where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, summary judgment properly issues. *Carroccio* v. *Roger Williams Hospital,* 104 R. I. 617, 247 A.2d 903 (1968).

We accept, as we think we must, defendant's contention that the issue here is whether liability attached under the policy at the time of delivery in view of the provision that all of the questions in Part 2 of the application must be true and fully answered at the time of such delivery. We are, therefore, persuaded that the trial justice overlooked the existence of a genuine issue as to a material fact. On March 2, 1971, plaintiff filed an affidavit in opposition to defendant's motion for summary judgment. In that affidavit he summarized the history of his making application, his examination by Dr. Hogan, and his answering the questions concerning his health for the past five years. He further reiterated the fact that on October 15 he had been bothered with a stiff neck, headache and discomfort in his right arm, for which he saw Dr. Brochu, and that on October 18 Dr. Brochu referred him to Dr. Cotter, who sent him directly to the hospital.

He then went on to state therein that on the morning of October 18 the policy was delivered to him by defendant's agent, Mr. Cooper. He further deposed that "[a]t the time said policy was delivered, I informed Mr. Cooper, in response to his inquiry, of the difficulty which I had encountered in the past several days. Mr. Cooper then asked me whether any diagnosis had been made and generally seemed

to be unconcerned, and dismissed my condition as affecting the issuance of the policy."

In our opinion, plaintiff's affidavit establishes the existence of a genuine issue as to a material fact, that is, whether in the circumstances thus disclosed by plaintiff's affidavit the answer to question 9(a) had been truthfully and fully answered on the date of delivery of the policy. It was the trial justice's obligation under the rule to examine that affidavit in the light most favorable to the opposing party, here the plaintiff, and therefrom to determine whether plaintiff had met and overcome the contention of defendant that there was no genuine issue as to a material fact. *Kirby, Inc.* v. *Weiler,* 108 R. I. 423, 276 A.2d 285 (1971). It is settled that where a trial justice finds a genuine issue of fact, it is not the function of the trial justice to decide that issue. His function is limited to ascertaining the existence of such an issue and, if it is found, the motion for summary judgment must be denied. The purpose of summary judgment procedure is issue finding and not issue determination. *Slefkin* v. *Tarkomian,* 103 R. I. 495, 498, 238 A.2d 742, 743 (1968).

It is our conclusion, then, that on the basis of the plaintiff's affidavit concerning his transmission of information to the defendant's agent regarding his visit to Dr. Brochu prior to the date of delivery, October 18, a genuine issue of fact did exist as to whether question 9(a) at the time of the delivery of the policy had been answered truthfully and fully.

The appeal of the plaintiff is affirmed, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Powers participated in the decision but re-

tired prior to its announcement.  Mr. Justice Doris did not participate.

*Almonte, Lisa & Pisano, Carl B. Lisa,* for plaintiff.

*Higgins & Slattery, Eugene V. Higgins,* for defendant.