366 A.2d 162.

ERNEST P. ARDENTE *vs.* WILLIAM A. HORAN AND KATHERINE L. HORAN.

DECEMBER 2, 1976.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

DORIS, J. Ernest P. Ardente, the plaintiff, brought this civil action in Superior Court to specifically enforce an agreement between himself and William A. and Katherine L. Horan, the defendants, to sell certain real property. The defendants filed an answer together with a motion for summary judgment pursuant to Super. R. Civ. P. 56. Following the submission of affidavits by both the plaintiff and the defendants and a hearing on the motion, judgment was entered by a Superior Court justice for the defendants. The plaintiff now appeals.

In August 1975, certain residential property in the city of Newport was offered for sale by defendants. The plaintiff made a bid of $250,000 for the property which was communicated to defendants by their attorney. After defendants' attorney advised plaintiff that the bid was ac-

ceptable to defendants, he prepared a purchase and sale agreement at the direction of defendants and forwarded it to plaintiff's attorney for plaintiff's signature. After investigating certain title conditions, plaintiff executed the agreement. Thereafter plaintiff's attorney returned the document to defendants along with a check in the amount of $20,000 and a letter dated September 8, 1975, which read in relevant part as follows:

> "My clients are concerned that the following items remain with the real estate: a) dining room set and tapestry wall covering in dining room; b) fireplace fixtures throughout; c) the sun parlor furniture. I would appreciate your confirming that these items are a part of the transaction, as they would be difficult to replace."

The defendants refused to agree to sell the enumerated items and did not sign the purchase and sale agreement. They directed their attorney to return the agreement and the deposit check to plaintiff and subsequently refused to sell the property to plaintiff. This action for specific performance followed.

In Superior Court, defendants moved for summary judgment on the ground that the facts were not in dispute and no contract had been formed as a matter of law.[1] The trial justice ruled that the letter quoted above constituted a conditional acceptance of defendants' offer to sell the property and consequently must be construed as a counteroffer. Since defendants never accepted the counteroffer, it followed that no contract was formed, and summary judgment was granted.

Summary judgment is a drastic remedy and should be

---

[1]Although the contract would appear to be within the statute of frauds, defendants did not raise this defense in the trial court, nor do they raise it here. Where a party makes no claim to the benefit of the statute, the court sua sponte will not interpose it for him. *Conti v. Fisher*, 48 R. I. 33, 36, 134A.849, 850 (1926).

cautiously applied; nevertheless, where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, summary judgment properly issues. *Ladouceur* v. *Prudential Ins. Co.*, 111 R.I. 370, 302 A.2d 801 (1973). On appeal this court is bound by the same rules as the trial court. *Cardente* v. *Travelers Ins. Co.*, 112 R.I. 713, 315 A.2d 63 (1974). With these rules in mind we address ourselves to the facts.

The plaintiff assigns several grounds for appeal in his brief. He urges first that summary judgment was improper because there existed a genuine issue of fact. The factual question, according to plaintiff, was whether the oral agreement which preceeded the drafting of the purchase and sale agreement was intended by the parties to take effect immediately to create a binding oral contract for the sale of the property.

We cannot agree with plaintiff's position. A review of the record shows that the issue was never raised before the trial justice. The plaintiff did not, in his affidavit in opposition to summary judgment or by any other means, bring to the attention of the trial court any facts which established the existence of a relevant factual dispute. Indeed, at the hearing on the motion plaintiff did not even mention the alleged factual dispute which he now claims the trial justice erred in overlooking. The only issue plaintiff addressed was the proper interpretation of the language used in plaintiff's letter of acceptance. This was solely a question of law. *See Cassidy* v. *Springfield Life Ins. Co.*, 106 R.I. 615, 262 A.2d 378 (1970); *Johnson* v. *Kile & Morgan Co.*, 49 R.I. 99, 140 A. 3 (1928).

It is well-settled that one who opposes a motion for summary judgment may not rest upon the mere allegations or denials of his pleading. He has an affirmative duty to set forth specific facts which show that there is a genuine issue of fact to be resolved at trial. If he does not do so,

summary judgment, if appropriate, will be entered against him. *Gallo* v. *National Nursing Homes, Inc.*, 106 R.I. 485, 488, 261 A.2d 19, 21 (1970); *Sutter* v. *Harrington*, 51 R.I. 325, 154 A. 657 (1931); 1 Kent, *R. I. Civ. Prac.* §56.4 (1969). Accordingly, since no genuine issue of fact was presented to the trial justice, we hold that he did not err in ruling that summary judgment was appropriate.[2]

The plaintiff's second contention is that the trial justice incorrectly applied the principles of contract law in deciding that the facts did not disclose a valid acceptance of defendants' offer. Again we cannot agree.

The trial justice proceeded on the theory that the delivery of the purchase and sale agreement to plaintiff constituted an offer by defendants to sell the property. Because we must view the evidence in the light most favorable to the party against whom summary judgment was entered, in this case plaintiff, we assume as the trial justice did that the delivery of the agreement was in fact an offer.[3]

The question we must answer next is whether there was an acceptance of that offer. The general rule is that where,

---

[2] We note that not only did plaintiff fail to present the supposed factual issue to the trial justice, he also did not raise the issue at oral argument before us. Moreover, in his Memorandum in Opposition to Motion to Affirm Judgment Below, filed in this court after briefs were filed, plaintiff conceded that no factual dispute existed. The plaintiff stated:

"Your appellant readily acknowledges that there was no genuine issue of fact to be resolved and that the trial justice, in this regard, did not err in granting appellee's motion for Summary Judgment. However, having granted appellee's motion, the trial justice proceeded to render decision for the wrong party. This, in substance, is the thrust of appellant's appeal." *Id.* at 1.

[3] The conclusion that the delivery of the agreement was an offer is not unassailable in view of the fact that defendants did not sign the agreement before sending it to plaintiff, and the fact that plaintiff told defendants' attorney *after* the agreement was received that he would have to investigate certain conditions of title before signing the agreement. If it was not an offer, plaintiff's execution of the agreement could itself be no more than an offer, which defendants never accepted.

as here, there is an offer to form a bilateral contract, the offeree must communicate his acceptance to the offeror before any contractual obligation can come into being. A mere mental intent to accept the offer, no matter how carefully formed, is not sufficient. The acceptance must be transmitted to the offeror in some overt manner. *Bullock* v. *Harwick*, 158 Fla. 834, 30 So.2d 539 (1947); *Armstrong* v. *Guy H. James Constr. Co.*, 402 P.2d 275 (Okla. 1965); 1 Restatement *Contracts* §20 (1932). *See generally* 1 Corbin, *Contracts* §67 (1963). A review of the record shows that the only expression of acceptance which was communicated to defendants was the delivery of the executed purchase and sale agreement accompanied by the letter of September 8. Therefore it is solely on the basis of the language used in these two documents that we must determine whether there was a valid acceptance. Whatever plaintiff's unexpressed intention may have been in sending the documents is irrelevant. We must be concerned only with the language actually used, not the language plaintiff thought he was using or intended to use.

There is no doubt that the execution and delivery of the purchase and sale agreement by plaintiff, without more, would have operated as an acceptance. The terms of the accompanying letter, however, apparently conditioned the acceptance upon the inclusion of various items of personalty. In assessing the effect of the terms of that letter we must keep in mind certain generally accepted rules. To be effective, an acceptance must be definite and unequivocal. "An offeror is entitled to know in clear terms whether the offeree accepts his proposal. It is not enough that the words of a reply justify a probable inference of assent." 1 Restatement *Contracts* §58, comment *a* (1932). The acceptance may not impose additional conditions on the offer, nor may it add limitations. "An acceptance which is equivocal or upon condition or with a limitation is a counter-

offer and requires acceptance by the original offeror before a contractual relationship can exist." *John Hancock Mut. Life Ins. Co.* v. *Dietlin,* 97 R.I. 515, 518, 199 A.2d 311, 313 (1964). *Accord, Cavanaugh* v. *Conway,* 36 R.I. 571, 587, 90 A. 1080, 1086 (1914).

However, an acceptance may be valid despite conditional language if the acceptance is clearly independent of the condition. Many cases have so held. Williston states the rule as follows:

> "Frequently an offeree, while making a positive acceptance of the offer, also makes a request or suggestion that some addition or modification be made. So long as it is clear that the meaning of the acceptance is positively and unequivocally to accept the offer whether such request is granted or not, a contract is formed." 1 Williston, *Contracts* §79 at 261-62 (3d ed. 1957).

Corbin is in agreement with the above view. 1 Corbin, *supra* §84 at 363-65. Thus our task is to decide whether plaintiff's letter is more reasonably interpreted as a qualified acceptance or as an absolute acceptance together with a mere inquiry concerning a collateral matter.

In making our decision we recognize that, as one text states, "The question whether a communication by an offeree is a conditional acceptance or counter-offer is not always easy to answer. It must be determined by the same common-sense process of interpretation that must be applied in so many other cases." 1 Corbin, *supra* §82 at 353. In our opinion, the language used in plaintiff's letter of September 8 is not consistent with an absolute acceptance accompanied by a request for a gratuitous benefit. We interpret the letter to impose a condition on plaintiff's acceptance of defendants' offer. The letter does not unequivocally state that even without the enumerated items plaintiff is willing to complete the contract. In fact, the letter seeks "confirmation" that the listed items "are a part of

the transaction". Thus, far from being an independent, collateral request, the sale of the items in question is explicitly referred to as a part of the real estate transaction. Moreover, the letter goes on to stress the difficulty of finding replacements for these items. This is a further indication that plaintiff did not view the inclusion of the listed items as merely collateral or incidental to the real estate transaction.

A review of the relevant case law discloses that those cases in which an acceptance was found valid despite an accompanying conditional term generally involved a more definite expression of acceptance than the one in the case at bar. *E.g., Moss v. Cogle*, 267 Ala. 208, 101 So.2d 314 (1958); *Jaybe Constr. Co. v. Beco, Inc.*, 3 Conn. Cir. Ct. 406, 216 A.2d 208, 212 (1965); *Katz v. Pratt Street Realty Co.*, 257 Md. 103, 262 A.2d 540 (1970); *Nelson v. Hamlin*, 258 Mass. 331, 155 N.E. 18 (1927); *Duprey v. Donahoe*, 52 Wash.2d 129, 323 P.2d 903 (1958).

Accordingly, we hold that since the plaintiff's letter of acceptance dated September 8 was conditional, it operated as a rejection of the defendants' offer and no conctractual obligation was created.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

Mr. Justice Paolino did not participate.

*Manning, West, Santaniello & Pari, Joseph T. Pari,* for plaintiff.

*Moore, Virgadamo, Boyle & Lynch, Ltd., Jeremiah C. Lynch, Jr., Joseph R. Palumbo, Jr.,* for defendants.