Richard SALTZMAN et al.

v.

ATLANTIC REALTY CO., INC. et al.

No. 79–2–Appeal.

Supreme Court of Rhode Island.

Sept. 10, 1981.

Gladstone & Zarlenga, Fred J. Volpe, Providence, for plaintiffs.

Richard R. Del Sesto, Cranston, for defendant James Lombardi.

OPINION

SHEA, Justice.

The plaintiffs herein appeal from a summary judgment entered in the Superior Court in favor of James J. Lombardi, one of the defendants. Mr. Lombardi had been sued individually and in his capacity as legal representative for Atlantic Realty Co., Inc. (Atlantic). The controversy giving rise to this case involves a house in Cranston, Rhode Island, constructed by Atlantic. The house was purchased by a husband and wife, Richard and Andrea Saltzman (the Saltzmans). James J. Lombardi was and still is a real estate agent operating a real estate agency known as Realty House. He was approached by the Saltzmans who wanted to purchase a house. He showed

them several houses in the area which were under construction by Atlantic and were listed with his agency for sale.

On February 3, 1975, the Saltzmans and Atlantic entered into a purchase-and-sale agreement for a house at 37 Amhurst Road, Cranston. On March 3, 1975, Atlantic conveyed the property to Saltzmans by warranty deed for a total price of $45,000. At the closing the Saltzmans executed a mortgage deed and note for $35,000 on the property for one year. The mortgage and note ran to Camilla and James Lombardi, who were the parents of James J. Lombardi, the real estate agent.

James Lombardi, the father, the holder of the mortgage, died in September of 1975. On March 3, 1976, the Saltzmans executed a new mortgage and note on the property to Camilla Lombardi and her son James J. Lombardi, the real estate agent. The note was for one year and the sum involved this time was $25,000. On March 24, 1977, the Saltzmans executed another note and deed on the property to Lombardi and his mother, this time for $15,000.

In March 1978 the Saltzmans advised Lombardi and Atlantic of serious water problems in their home. A lawsuit was commenced shortly thereafter against Atlantic and against Lombardi both individually and in his capacity as legal representative of Atlantic.

The complaint is in three counts that generally allege breach of contract and breach of both express and implied warranties.

Lombardi moved for summary judgment in his favor under Rule 56 of the Superior Court Rules of Civil Procedure. He filed therewith an affidavit which set forth that the property in question was owned and constructed by Atlantic; that it was listed with his agency, Realty House, for sale only; and that at no time prior to the date of sale did he have any interest in the property other than as sales agent. Prior to the date of sale, however, he was an officer and a stockholder in Atlantic.

The plaintiffs' affidavit sets forth that the Saltzmans had dealings only with Lombardi, the agent, and with no one else; that the agent's father and mother took a mortgage at the time of the original closing; that after the father died, the agent and his mother took back the mortgage; and that deposits and cash paid at the closing were all made to Lombardi.

The record establishes that the purchase-and-sale agreement is between the Saltzmans and Atlantic. Lombardi is not a party to that agreement. The deed to the property was a warranty deed that ran from Atlantic to the Saltzmans and was executed by one Christopher Lombardi, not otherwise identified, for the corporation. There is no evidence to contradict the fact that Lombardi was the sales agent and that he never owned the property in question or built the house. Neither the Saltzmans' affidavit and pleadings nor any other information in the record of this case contradict these material facts.

Rule 56(c) of the Superior Court Rules of Civil Procedure provides in part:

> "[T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any *material fact* and that the moving party is entitled to judgment as [a] matter of law." (Emphasis added.)

Rule 56(e) of Super.R.Civ.P. provides in part:

> "[W]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ Summary judgment is a drastic remedy and should be cautiously applied. Nevertheless, when there is no genuine issue of any material fact and the moving

party is entitled to judgment as a matter of law, summary judgment properly issues. *Ardente v. Horan*, 117 R.I. 254, 366 A.2d 162 (1976); *Ladouceur v. Prudential Insurance Co.*, 111 R.I. 370, 302 A.2d 801 (1973).

The purpose of summary judgment is issue finding, not issue determination. *Industrial National Bank v. Peloso*, R.I., 397 A.2d 1312 (1979); *O'Connor v. McKanna*, 116 R.I. 627, 359 A.2d 350 (1976). When an examination of the pleadings, affidavits, admissions, answers to interrogatories, and other similar matters reviewed in the light most favorable to the party opposing the motion reveals no such issue, the suit is ripe for summary judgment. *Id.*

In bringing this action, the Saltzmans based their claim for recovery on an allegation that Atlantic and Lombardi owned the Amhurst Road property which was conveyed to them on March 3, 1975. Lombardi's motion for summary judgment was supported by an affidavit in which he denied that at any time prior to the execution of the warranty deed he had had any interest "whatsoever" in the property sold to the Saltzmans. The Saltzmans, in their counteraffidavit, declared that "for all times relevant hereto, we have communicated solely with James J. Lombardi in his individual capacity from January, 1975 to the present." The Saltzmans also allude to the mortgage given to Lombardi's parents at the time of the 1975 sale and to other mortgages given to Lombardi and his mother in March of 1976 and 1977. However, there is nothing in the counteraffidvit in which the Saltzmans elicit any facts which would dispute Lombardi's sworn assertion that he had owned no interest in the Cranston real estate at the time of the sale to the Saltzmans. A mere reference to communications had with Lombardi is meaningless. The recitation of the mortgage transactions is similarly pointless because the crucial issue in this controversy was whether or not Lombardi, at the time of the 1975 sale, was an owner of the property. Lombardi denied ownership. The counteraffi-

davit does nothing more than inform the trial justice that the Saltzmans had various conversations with Lombardi. At no time, however, did it give the substance of any portion of the conversations which would justify an inference that Lombardi, when he was speaking, was speaking as an owner. *See Padula v. J. J. Deb-Cin Homes, Inc.*, 111 R.I. 29, 298 A.2d 529 (1973). Mere recitation of facts sympathetic to an opponent's position will not defeat a proponent's motion for summary judgment unless the facts are pertinent to the claim or the defense which is actually being asserted. *Lippman v. Kay*, R.I., 415 A.2d 738 (1980).

Furthermore, there is no allegation of any fact that would support the theory that any of plaintiffs' alleged damages resulted from a breach of any contract by Lombardi as sales agent for the real estate. As sales agent, Lombardi was acting for a known principal, Atlantic, and therefore in the absence of any additional factors not present here, he would not be personally liable. *Alterio v. Biltmore Construction Corp.*, R.I., 377 A.2d 237, 241 (1977); *C. C. Plumb Mixes Inc. v. Stone*, 108 R.I. 75, 76, 272 A.2d 152, 154 (1971); *Cardente v. Maggiacomo Insurance Agency, Inc.*, 108 R.I. 71, 73, 272 A.2d 155, 156 (1971).

It appears to the court, therefore, that no issue of any material fact exists and that only the question of law to be decided remains. Since recovery on these facts would not be available to the plaintiffs on breach of warranty, express or implied, or on breach of contract, summary judgment was appropriate.

The appeal is denied and dismissed, the judgment below is affirmed, and the papers are remanded to the Superior Court.