**Mildred REED**

v.

**Edward NOTORANTONIO, d/b/a Notorantonio Building and Wrecking et al.**

**No. 81–335–Appeal.**

Supreme Court of Rhode Island.

July 6, 1984.

William F. Hague, Jr., Dick ·& Hague, Ltd., Providence, for plaintiff.

Louis A. Mascia, Robinson & Mascia, Cranston, for defendant.

## OPINION

MURRAY, Justice.

The defendant, Edward Notorantonio, appeals from a summary judgment entered against him in the Superior Court and in favor of the plaintiff, Mildred Reed. On June 30, 1977, the defendant executed and delivered to the plaintiff a promissory note in the amount of $32,500. At the time the loan was made, the defendant was doing business as Notorantonio Building and Wrecking. The purpose of the loan was to finance the demolition of the Red Bridge that connected the cities of Providence and East Providence. The defendant was employed as a subcontractor for this project, having been hired by Siebert and Associates Contracting, Inc., the general contractor.[1]

The promissory note set forth a schedule of payments to be made by defendant to plaintiff. The defendant made timely payment of the first two installments in the total amount of $11,500. Subsequent payments, however, were not made in accordance with the terms and conditions of the note. The apparent reason for the nonpay-

ment of these later installments was that funds were being withheld by the State of Rhode Island pending satisfactory completion of the project.[2]

The plaintiff instituted the present action in September 1977. Shortly thereafter, the parties attempted to negotiate a settlement of their differences. As a result of these negotiations, defendant executed an assignment of funds due him for completion of the project. Monies were paid under this assignment to the attorneys for plaintiff and defendant as escrowees and disbursed to both parties. As of December 1977, however, a principal balance of $19,674 remained on the note.

On September 21, 1981, plaintiff's motion for summary judgment was ·heard by a justice of the Superior Court. The motion was granted, and judgment was entered in favor of plaintiff. The defendant argues upon appeal to this court that the trial justice erred in granting the motion because a material question of fact remained concerning whether the assignment executed by defendant modified the promissory note.

■ It is well settled that "[s]ummary judgment is a drastic remedy and should be cautiously applied. Nevertheless, when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law, summary judgment properly issues." *Saltzman v. Atlantic Realty Co.*, R.I., 434 A.2d 1343, 1344–45 (1981); *see Ardente v. Horan*, 117 R.I. 254, 256–57, 366 A.2d 162, 164 (1976); *Ladouceur v. Prudential Insurance Co.*, 111 R.I. 370, 373–74, 302 A.2d 801, 803, (1973). In the present case, upon review of the various pleadings, affidavits, and docu-

---

1. At some point the name of this corporation was changed from Siebert and Associates Contracting, Inc., to Dore and Associates Contracting, Inc.

2. Dore and Associates Contracting, Inc., and defendant brought an action for injunctive relief against the State of Rhode Island. A judgment and order were entered in the Superior Court denying the plaintiffs' prayer for a permanent

injunction. Under the terms of the judgment and order, however, the plaintiffs were given the opportunity to complete the work to the reasonable satisfaction of the State of Rhode Island on or before July 1, 1980. On the date that the motion for summary judgment in the present case was heard, April 21, 1981, the dispute over completion of the project had apparently not been resolved.

ments before him, the trial justice found that there was no material issue of fact. Specifically, he found that the terms of the promissory note were quite explicit and that there was uncontroverted evidence before him that the note had not been paid in accordance with these terms.

The only possible issue, according to the trial justice, was the question of whether defendant's assignment of funds due him for work performed on the project constituted a novation. Defense counsel quite candidly represented to the trial justice that it was not defendant's position that plaintiff had relinquished her rights under the note in exchange for the assignment. On the basis of that representation, in conjunction with his other findings the trial justice granted plaintiff's motion for summary judgment.

■ It is the defendant's position that the trial justice should have considered the questions of whether the project was completed and whether there were monies due and owing defendant for work performed. We disagree. These questions become relevant only if the assignment was intended to modify the terms of the note. In light of the record before us, we must agree with the determination of the trial justice that no such modification or novation was intended. It is our opinion, therefore, that no issue of any material fact exists and that summary judgment was appropriate in this case.

For the stated reasons, the defendant's appeal is denied and dismissed, the judgment below is affirmed, and the papers are remanded to the Superior Court.