Raymond JESUS

v.

NORTH CENTRAL LIFE INSURANCE CO. et al.

No. 82–239-Appeal.

Supreme Court of Rhode Island.

Dec. 13, 1984.

Richard B. Applebaum, Rosedale & Riffkin, Providence, for plaintiff.

Richard G. Galli, Adler, Pollock & Sheehan, James Marusak, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case comes to us on appeal from a grant of the defendants' motion for summary judgment by the Superior Court justice in this breach-of-contract action. We vacate the judgment and remand the case for trial on the merits consistent with the principles enumerated herein.

The facts that are presently known are as follows. On November 7, 1979, plaintiff obtained a second-mortgage loan for approximately $22,000, including interest, from defendant Domestic Safe Deposit Company (hereinafter Domestic Safe) acting as agent for defendant North Central Life Insurance Company (hereinafter North Central). Plaintiff alleges that as a condition to the receipt of the funds sought, he was required to purchase a five-year disability-income-insurance plan [1] on his own behalf. Mr. Jesus reluctantly accepted this disability insurance since he was already disabled, a fact that he allegedly made clear to defendant Domestic Safe at the time of the loan transaction.[2] The defendant Domestic Safe proceeded to accept plaintiff's premium payments for the disability-insurance coverage. Approximately six months after the date of closing Mr. Jesus claims that he sought such disability benefits after his physician informed him that he

would not be able to return to work for an extended period. The defendant Domestic Safe denied such claim for benefits on the basis of an exclusionary clause contained in the contract that denied the issuance of benefits for prior injuries.[3] Subsequently, plaintiff's claim for benefits was also denied by defendant North Central. Both defendants similarly declined to return, as requested by plaintiff, in the alternative, the premium paid plus interest from the date of coverage.

As a result of the denial of benefits, on September 22, 1981, plaintiff commenced suit in the Providence County Superior Court against both Domestic Safe and North Central, alleging breach of contract and deceit. After answers to the complaint, cross-claims between defendants, and answers to the cross-claims were duly prepared and served, defendant Domestic Safe conducted a deposition on December 9, 1981, and subsequently each defendant made an offer of judgment (in an amount equal to the disability-insurance premium withdrawn from plaintiff's loan proceeds plus interest from the date of closing) as well as respective motions for summary judgment to which plaintiff duly objected. At the motion hearing conducted on March 18, 1982, the trial judge granted the motions, from which ruling plaintiff makes this appeal. On June 14, 1984, plaintiff's motion for reconsideration was heard and denied.

According to the 1982 record, in granting the motions, the trial judge found that

based upon the facts in this case, looking at the facts in a light most favorable to the party who opposes it, that he's not entitled to anything other than the premiums back. There was a mistake. There

---

**1.** The cost of this insurance plan was $794, which amount was deducted from the loan proceeds plaintiffs sought.

**2.** The record reveals that Mr. Jesus suffered from an injury in August of 1979 prior to the date of the loan transaction, which occurred in November of 1979, and was already receiving Worker's Compensation benefits for that injury.

**3.** The exclusionary clause reads as follows:

No disability benefits shall be payable hereunder for disability of an Insured Debtor resulting from: (3) injury or sickness which totally disabled the Insured Debtor within the six month period prior to taking the application for insurance, and which causes loss within the six months following the Effective date of coverage, provided, however, that disability commencing thereafter resulting from such conditions shall be covered.

is a mistake of fact in this situation, and therefore the Court will grant the summary judgment. °

The issue presented here on appeal is whether the trial justice erroneously granted defendants' motion for summary judgment in light of the fact that he found that "a mistake of fact" existed.

It is plaintiff's contention that the trial justice was not justified in raising "mistake of fact" as a basis for granting defendants' motions for summary judgment. The plaintiff argues that (1) the court is not permitted to sua sponte raise a defense that the defendants have failed to raise,[4] particularly where (2) such failure to raise on defendants' part resulted in the waiver of that issue from consideration.[5]

The plaintiff asserts in the alternative that since the trial justice found that a genuine issue of material fact existed (i.e., that there had been "a mistake of fact"), it was improper for him to grant the summary-judgment motion pursuant to Rule 56 of the Superior Court Rules of Civil Procedure since the purpose of summary judgment procedure is issue finding and not issue determination.[6] *Lennon v. MacGregor,* R.I. 423 A.2d 820, 823 (1980); *Slefkin v. Tarkomian,* 103 R.I. 495, 498, 238 A.2d 742, 743 (1968). Thus, plaintiff argues, in ascertaining the existence of such an issue, if one is found, it is not the function of the trial justice to decide that issue. Rather, his function is limited to ascertaining the existence of such an issue and, if it is found, the motion for summary judgment

must be denied. *Saltzman v. Atlantic Realty Co.,* R.I. 434 A.2d 1343, 1345 (1981); *Ladouceur v. Prudential Insurance Co.,* 111 R.I. 370, 373–74, 302 A.2d 801, 803 (1973).

The logical application of the plaintiff's argument here is that once the trial justice found that a genuine issue of material fact existed, that is, "a mistake of fact," it was improper for him to grant the motion for summary judgment.

We find the plaintiff's latter argument concerning the trial justice's treatment of the defendants' motion for summary judgment to be compelling. On that basis, we vacate the judgment and remand the case for trial on the merits.

**4.** The plaintiff cites two cases in support of this argument: *Conti v. Fisher,* 48 R.I. 33, 36, 134 A. 849, 850 (1926), and *Ardente v. Horan,* 117 R.I. 254, 256, 366 A.2d 162, 164 (1976). However, both of these cases involve a defendant's failure to make a claim for the benefit of the statute of frauds, either by pleadings or otherwise, wherein we held that the court does not sua sponte interpose it for him. The plaintiff's argument here, that these cases stand for the broader proposition that the court is not permitted to interpose a defense which a defendant fails to raise on his own, is attenuated at best. The cases plaintiff cites deal with the failure to claim the benefit of a specific defense, that is, the statute of frauds and his attempt to extend

the language to cover the instant situation is questionable.

**5.** The plaintiff bases this latter part of his argument on Rule 12(b) and (h) of the Superior Court Rules of Civil Procedure as well as on Rules 8(c) and 9(b) of those Rules.

**6.** This court has stated that the trial court's function in addressing a motion for summary judgment is to decide "after a review of the entire record, on whether there exists a factual issue contested by the parties, and, in the absence of which, whether as a matter of law one party is entitled to a judgment." *Warren Education Association v. Lapan,* 103 R.I. 163, 168, 235 A.2d 866, 870 (1967).