John F. OUIMETTE

v.

John MORAN.

No. 88–14–C.A.

Supreme Court of Rhode Island.

June 6, 1988.

Paul J. DiMaio, Grilli, DiMaio & Berson, Providence, Allegra E. Munson, Norfolk, Mass., John A. Bicarri, Wakefield, Mass., for plaintiff.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on an order issued to the petitioner, John F. Ouimette, to appear and show cause why his appeal should not be summarily decided. The appeal is from a denial of his application for postconviction relief filed under G.L. 1956 (1985 Reenactment) chapter 9.1 of title 10. In his petition Ouimette alleged prosecutorial and judicial misconduct. In response the state filed a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. Before the hearing on the state's motion to dismiss, both parties filed exhibits and supplemental materials for the trial justice's consideration. After argument on the motion to dismiss, the trial justice entered summary judgment against the petitioner.

■ First petitioner argues that the trial justice erred in treating the state's motion to dismiss as a motion for summary judgment. In this argument petitioner is clearly in error. In this jurisdiction an application for postconviction relief is civil in nature. *State v. Tassone,* 417 A.2d 323 (R.I.1980). If a trial justice, in ruling on a motion to dismiss, considers matters outside the scope of the complaint, the motion is converted into a motion for summary judgment. *Palmigiano v. State,* 120 R.I. 402, 387 A.2d 1382 (1978); *Palazzo v. Big G Supermarkets, Inc.,* 110 R.I. 242, 292 A.2d 235 (1972).

The record shows that both the petitioner and the state filed supplemental materials for consideration by the trial justice. It was petitioner himself who initially presented extraneous materials in the form of exhibits attached to his application. In response the state filed its motion to dismiss and supplemented its motion with exhibits for consideration by the court. Thereafter, petitioner provided the court with additional exhibits to consider. Furthermore, at the hearing on the motion to dismiss, the trial justice invited both sides to file any additional materials for his consideration. He specifically stated, "[I]f the record isn't complete, you have whatever time you need to complete it." Although it was not specifically recorded in the transcript, it is clear from the record that both sides indicated agreement that the record was complete because the court then stated, "[S]ince it is complete I will listen now to any oral argument that counsel wish to make." In view of the fact that petitioner clearly encouraged the trial justice to consider matters outside the scope of the complaint, he cannot now be heard to argue that the trial justice acted improperly in considering the motion as one for summary judgment.

■ Summary judgment is a drastic remedy to be applied only with great caution. *Norberg v. Feist,* 495 A.2d 687 (R.I. 1985). Nevertheless, in a situation in which there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be issued. One opposing a motion for summary judgment has an affirmative duty to set forth specific facts that show there is a genuine issue of material fact to be resolved at trial. If one fails to do so, summary judgment will be entered. *Ardente v. Horan,* 117 R.I. 254, 366 A.2d 162 (1976).

■ The petitioner argues that genuine issues of material fact existed in regard to the prosecutor's knowledge and possession of information about a witness's criminal record requested during his trial under Super.R.Crim.P. 26.1(d). In response to that

request the state provided a "rap sheet,"[1] listing four convictions, two of which were misdemeanors. The rule reads that the state is to provide a written statement of "all criminal convictions of the witness that are known to the attorney for the State or are contained in the files of the Attorney General's Division of Criminal Identification."

Although it was later determined that the witness in question had a substantial criminal record with many convictions other than those listed in the rap sheet, the record would indicate that there was no genuine issue of whether the prosecutor knew of any other convictions at the time the rap sheet was provided. During a side-bar conference on this point the prosecutor stated:

> "May I indicate, that the docket I gave [defendant's counsel] is—the best of my knowledge, may be complete, but it does not indicate on that docket as to whether he was robbing a bank or how many banks he robbed during that period of time, or maybe it's a complete report. It was only given to [defendant's counsel] as to information that was within a file that was available to us. That report may not have been complete. But I'm not responsible for completeness of record."

This statement by the prosecutor might not be a model of clarity, but it does establish clearly that the prosecutor did not misrepresent the completeness or reliability of the witness's record of convictions. He said that the offered list was the information in the file that was available to them. He added, however, "[t]hat the report may not have been complete." There was no genuine issue of material fact on this point.

 Finally, the petitioner asserts that he did not receive "the agreed upon sentence," alleged to have resulted from ex parte discussions between his attorney and the judge who served as chairman of the three-judge panel assigned to hear the Rule 35 motion to reduce sentence. However, the affidavit submitted by the petitioner's attorney regarding those discussions does not raise a genuine issue of material fact. The attorney was led to believe there would be a reduction in sentence. The sentence was, in fact, reduced from life to forty-five years with fifteen years suspended. The fact that the reduction in sentence fell short of defendant's hopes and desires does not raise a question of material fact sufficient to warrant a denial of summary judgment.

For these reasons, we conclude that the petitioner has failed to show cause. Therefore his appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

---

1. A rap sheet, so called, is commonly understood to be a printout of convictions listed in the records of the Bureau of Criminal Identification.