DECISION
Before this Court is defendant's motion for judgment on the pleadings pursuant to R.C.P. 12(c). The facts are as follows.
Statement of Facts
The pleadings reveal that an Offer to Purchase, subject to nine conditions, was prepared for plaintiff's and defendant's signatures. The offer set out the plaintiff's name and address, described the lot to be sold, and named the price to be paid. The plaintiff signed the offer and presented defendant with a five thousand dollar deposit as required by the Offer to Purchase. After deleting condition nine, which provided for ceasing negotiations with other parties in connection with the purchase of the property, defendant signed the offer.
After both parties signed the offer, defendant delivered to plaintiff a form Purchase and Sale Agreement for signature. Plaintiff then signed the agreement making a few minor, non-substantive changes and returned it to defendant. On the request of the defendant, an extension of time to sign the agreement was granted pursuant to an Extension Agreement. Thereafter, defendant notified plaintiff on October 20, 1993, the extended date to sign, that the property no longer was to be sold to plaintiff.
Plaintiff brought this action for breach of contract requesting specific performance. Defendant then moved for judgment on the pleadings claiming that a contract never existed.
Judgment on the Pleadings
On a motion for judgment on the pleadings, this Court must view the facts presented in the pleadings in a manner most favorable to the non-moving party. Haley v. Town of Lincoln,611 A.2d 845, 847 (R.I. 1992). The factual allegations in the non-movant's pleadings are admitted as true for purposes of the Rule 12(c) motion and all proper inferences to be derived from the pleadings are to be drawn in favor of the non-movant. Id.
For a defendant to prevail on a Rule 12(c) motion, he must be able to demonstrate to a certainty that the plaintiff will not be entitled to relief under any set of facts that might be proved at trial. Id.; Parente v. Southworth, 448 A.2d 769, 771 (R.I. 1982).
Discussion
The nucleus of a contract is offer and acceptance. Smith v.Boyd, 553 A.2d 131, 133 (R.I. 1989). An offer may call for an act, forbearance or return promise from the offeree in exchange for the offeror's promise or performance. Judd Realty, Inc. v.Tedesco, 400 A.2d 952, 956 (1979); In Re Newport PlazaAssociate, L.P., 985 F.2d 640, 645 (1st Cir. 1993). An offer to purchase is generally designed to contain all the necessary elements to satisfy the Statute of Frauds, so that if the offer is accepted a real estate contract has been formed. 6A Richard R. Powell, Powell on Real Property § 879(2)(a) (Patrick J. Rohan ed. 1994). To comply with the Statute of Frauds, a document is required only to contain the substance of the contract or agreement and not a statement of all particulars. Belilove v.Reich, 102 R.I. 250, 255, 229 A.2d 775, 778 (1967) (citingDurepo v. May, 73 R.I. 71, 76, 54 A.2d 15, 18, 172 A.L.R. 429 (1947)); See G.L. 1956 (1985 Reenactment) § 9-1-4 (6).
Before an offer can mature into a contract, an acceptance must be communicated in some overt manner by the offeree to the offeror. Ardente v. Horan, 117 R.I. 254, 259, 366 A.2d 162, 165 (1976). An effective acceptance must be definite and unequivocal, one that is "equivocal or upon condition or with a limitation is a counter-offer and requires acceptance by the original offeror before a contractual relationship can exist." Id. Often with an Offer to Purchase the seller changes the terms of the offer before signing and any substantial change is considered a counter-offer. Powell, § 879(2) (a). Furthermore, a counter-offer can be accepted either expressly or impliedly.Benya v. Stevens and Thompson Paper Co., 468 A.2d 929 (Vt. 1983) (citing Okemo Maintain, Inc. v. Okemo Trailside CondominiumsInc., 431 A.2d 457, 459 (Vt. 1981).
In the instant case, the Offer to Purchase satisfies the Statute of Frauds since it contains the substance of a real estate contract such as the name of the buyer, description of the property, price of the property and signatures of both parties. However, defendant's acceptance was equivocal and indefinite, because there was a substantial change to the offer; thus a counter-offer was presented to plaintiff. Deletion of condition nine (9) was substantial because it eliminates the ability to thus negotiate with anyone other than plaintiff. Although plaintiff did not initial the change or sign an amended Offer to Purchase, the plaintiff's further conduct was enough of an overt action to constitute an acceptance of defendant's counter-offer. Overt is defined as "open, manifest, issuing in action as distinguished from that which rests merely in intention or design." BLACK'S LAW DICTIONARY 1104 (6th ed. 1990). The plaintiff's signing and both parties continuing a reciprocal business relationship were sufficient overt conduct to indicate plaintiff's intent to accept the counter-offer. Therefore the factual allegations in the pleadings do not demonstrate to a certainty that a contractual relationship did not exist between the parties.
Conclusion
In viewing the factual allegations in a manner most favorable to plaintiff, this Court finds that defendant would not be able to prove to a certainty that plaintiff is not entitled to relief. Accordingly, the defendant's motion for judgment on the pleadings is denied.
Order to enter.