DECISION
This matter is before the Court on defendant Mine Safety Appliance Co.'s ("Mine Safety's") motion for summary judgment pursuant to R.C.P. 56.
Facts/Travel
Plaintiff, an employee of Narragansett Electric Co., was injured on June 6, 1987, when splicing underground cables located in Providence for Narragansett Electric Company. He was seriously injured when a natural gas leak caused an explosion where he was working. Shortly before the explosion, plaintiff used a gas meter — the Explosimeter — manufactured by Mine Safety to register the presence of natural gas. Plaintiff and his crew blew air into the manhole to clear out the indicated gas and then used the Explosimeter once again to test for gas. This time the meter failed to register any gas. However, an explosion occurred, and the blast injured plaintiff, who was standing above the manhole.
He subsequently sued Providence Gas Co., Inc. ("Providence Gas") and Mine Safety Appliance Co. for negligence. Plaintiff alleged four counts against Mine Safety: that Mine Safety was negligent because the gas meter was defectively designed, manufactured, and inspected; that the gas meter breached an implied warranty of merchantability and fitness; that Mine Safety was strictly liable for placing the defective gas meter on the market; and that Mine Safety was liable under a theory of res ipsa loquitur.
Summary Judgment Standard
Summary judgment is a drastic remedy that should be cautiously applied. McPhillips v. Zayre Corp., 582 A.2d 747, 749 (R.I. 1990); Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). Summary judgment should be issued when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Alfano v. Landers,585 A.2d 651, 652 (R.I. 1991). In passing on a motion for summary judgment, the trial justice must review the pleadings and affidavits in a light most favorable to the party opposing the motion.
McPhillips, 582 A.2d at 749; O'Hara v. John HancockMutual Life Insurance Co., 574 A.2d 135 (R.I. 1990). Nevertheless, the party opposing summary judgment may not rest upon mere allegations or denials in its pleading and has an affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial. Quimette v. Moran,541 A.2d 855, 856 (R.I. 1988). Failure to set forth such facts will result in summary judgment entered against the party opposing the motion. Ardente v. Horan, 117 R.I. 254, 257-58, 366 A.2d 162, 164 (1976).
Mine Safety's Motion for Summary Judgment
Mine Safety moves for summary judgment on the ground that plaintiff has produced no evidence that a defect existed when Mine Safety sold the Explosimeter to Narragansett Electric. Mine Safety correctly asserts that for breach of warranty and strict liability, plaintiff is required to show that the Explosimeter was defective when it left Mine Safety's hands, and that the defect was a proximate cause of plaintiff's injuries. SeeLariviere v. Dayton Safety Ladder Co., 525 A.2d 892, 896 (R.I. 1987); Geremia v. Benny's Inc., 119 R.I. 868, 872,383 A.2d 1332, 1334 (1978).
Plaintiff concedes in his objection to the motion for summary judgment: "It is clear that plaintiff will be unable to present evidence to identify the defect in the Explosimeter which resulted in the Explosimeter failing to detect the presence of natural gas in the manhole." (Reply Memo at 3-4). Thus, plaintiff will be unable to show the Explosimeter was defective when it left Mine Safety's hands. Because plaintiff has not and admittedly cannot present any opposing facts to Mine Safety's motion for summary judgment on the breach of warranty and strict liability counts, this Court will grant Mine Safety's motion on these counts.
However, plaintiff contends that a genuine issue of material fact exists regarding plaintiff's negligence under res ipsa loquitur. Whether the inference of res ipsa loquitur may apply to certain facts is a question of law for the court. Parrillo v.Giroux Co., Inc., 426 A.2d 1313, 1320 (R.I. 1981). InParrillo, the Supreme Court adopted Restatement (2nd) of Torts, § 328 (D), entitled "Res Ipsa Loquitur," which provides:
 (1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
 (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.
426 A.2d at 1320. The Supreme Court rejected the element of exclusive control in Parrillo, which held "the plaintiff is not required to exclude all other possible conclusions beyond a reasonable doubt, and it is enough that he make out a case from which the jury may reasonably conclude that the negligence was, more probably than not, that of the defendant." 426 A.2d at 1320.
Mine Safety argues res ipsa loquitur is inapplicable to the facts of this case because the circumstances do not point exclusively, or even most reasonably, to Mine Safety's negligence since Mine Safety did not have contact with the Explosimeter for sixteen years before the accident when it sold the Explosimeter to Narragansett Electric. After the sale, Narragansett Electric performed maintenance checks and repairs, such as replacing batteries, on the Explosimeter. Thus, according to Mine Safety, it is not more likely than not that the injury resulted from Mine Safety's negligence than from some other unknown cause such as repairs made by Narragansett Electric, or improper use of the Explosimeter by plaintiff on the day of the accident.
Plaintiff argues, on the other hand, that summary judgment should not be granted on the ground of res ipsa loquitur because res ipsa loquitur may be relied on even when the defendant does not have exclusive control of the product. Plaintiff also argues that res ipsa loquitur is applicable when there is more than one probable cause of the injury but it cannot be determined which cause directly resulted in the injury.
To oppose Mine Safety's motion for summary judgment on res ipsa loquitur, plaintiff relies on the following evidence: the Explosimeter initially detected the presence of natural gas in the manhole and then, after the crew blew air into the manhole to clear out the gas, the Explosimeter detected no gas; plaintiff, a cable splicer for twenty-three years, never had a problem using an Explosimeter; plaintiff alleges he properly used the Explosimeter several times the day of the injury; the maintenance records of Narragansett Electric indicated the Explosimeter was properly maintained and performed satisfactorily; and the Explosimeter was tested thirty-seven days before the accident.
Viewing the evidence in the light most favorable to the nonmovant, this Court finds a genuine issue of material fact exists concerning Mine Safety's negligence under a theory of res ipsa loquitur. Although a court cannot presume negligence from the mere happening of an accident, Konicki v. Lawrence,475 A.2d 208, 210 (R.I. 1984), the case file contains summary judgment evidence on the part of Mine Safety. Plaintiff does not have to prove Mine Safety's negligence beyond a reasonable doubt, nor does he have to rule out all other possible causes of the accident. Parrillo, 426 A.2d at 1319. Rather, plaintiff must produce "sufficient evidence from which a reasonable [person] could say, that on the whole, it was more likely than not that there was negligence on the part of the defendant." Id. Because Mine Safety has not shown that it is entitled to judgment as a matter of law, its motion is denied on the ground of res ipsa loquitur.
Conclusion
The court has considered the arguments of counsel. It has considered the affidavits submitted in support of the motion. It has reviewed the trial discovery responses contained in the file and after due consideration, the court finds that there remains a material issue of fact to be resolved, namely whether Mine Safety was negligent on the theory of res ipsa loquitur. The determination of a material issue of fact is for the jury and not the court where a trial has been claimed. Accordingly, Mine Safety's motion for summary judgment is granted in part and denied in part. Mine Safety's motion is granted on the grounds of breach of implied warranty and of strict liability because plaintiff has failed to show that the Explosimeter was defective when Mine Safety sold it. Mine Safety's motion for summary judgment is denied on the ground of res ipsa loquitur.
Counsel shall prepare the appropriate order for entry.