DECISION
Before this Court are cross motions for summary judgment brought pursuant to R.C.P. 56 by the plaintiff, Dominion Rebar (Dominion), and the defendants, LM Concrete (LM) and Hartford Fire Insurance (Hartford).
Facts and Travel
This dispute arises out of a project known as the Advanced Weapons Research Facility, Naval Underwater Systems Center (NUSC project), located in Newport, Rhode Island. North American Construction Corporation (North American) was the general contractor on the project and LM was a subcontractor to North American. As a term of the subcontractor agreement between LM and North American, LM was obligated to obtain a Labor and Materials Payment Indemnity Bond (performance bond) from Hartford. Hartford was the surety on the bond, LM was the principal, and North American was the obligee. On or about March 30, 1992, Dominion and LM entered into a contract for work on the project. Under the contract, Dominion, as a subcontractor to LM, was obliged to provide certain labor and equipment for the project. Dominion performed its obligations under this agreement, but has yet to receive full payment from either LM or Hartford. Previous to the establishment of the March 30 subcontractor agreement, Dominion and LM entered into another contractual relationship. This relationship did not include issuance of a performance bond. Again, performance was tendered by Dominion, and again, LM failed to make full payment to Dominion. Consequently, Dominion brings the instant action.
On January 7, 1997, the motions at issue herein were argued before Mr. Justice Fortunato. After considering the arguments of counsel, Justice Fortunato continued the matter until February 4, 1997. The parties are now before this Court.
Standard of Review
Summary Judgment is a drastic remedy that should be cautiously applied. McPhillips v. Zayre Corp., 582 A.2d 747, 749 (R.I. 1990); Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). Summary Judgment should be granted when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Alfano v. Landers, 585 A.2d 651, 652 (R.I. 1991).
In passing on a motion for summary judgment, the trial justice must review the pleadings in the light most favorable to the party opposing the motion. McPhillips, 582 A.2d at 749;O'Hara v. John Hancock Mutual Life Insurance Co., 574 A.2d 135, 136 (R.I. 1990). Nevertheless, the party opposing summary judgment may not rest upon mere allegations or denials in its pleading and has the affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial. Ouimettev. Moran, 541 A.2d 855, 856 (R.I. 1988). Failure to set forth such facts will result in summary judgment being entered against the party opposing the motion. Ardente v. Horan, 117 R.I. 254, 257-58, 366 A.2d 162, 164 (1976).
Defendants' Motion for Summary Judgment
In support of their motion for summary judgment, the defendants argue that this Court is without jurisdiction to adjudicate the plaintiff's claim. Specifically, the defendants argue that the Miller Act, 40 U.S.C.A. § 270a et. seq., rests exclusive jurisdiction over Labor and Material Bond payment dispute with the Federal District Court. Such an interpretation of the Miller Act is flawed.
Defendants correctly argue that the Miller Act requires procurement of Labor and Materials Payment Bonds on all contracts exceeding $25,000 in value. 40 U.S.C.A. § 270a(a). Moreover, the Defendants are correct when they assert that jurisdiction over Miller Act claims rests solely with the Federal District Court. 40 U.S.C.A. § 270b(b). However, the plain meaning of the statute clearly establishes that the Miller Act is inapplicable to the current dispute. Specifically, the Miller Act provides that
 "Before any contract, exceeding $25,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as `contractor' . . . ."
40 U.S.C.A. § 270a. Clearly, this language indicates that performance bonds are to be furnished to the United States by thecontractor prior to the parties entering into a contractual relationship. However, it does not require subcontractors to issue similar bonds when said subcontractors are not in privity of contract with the United States.
Clearly, the general contractor, if it so desires, remains free to require its subcontractors to supply performance bonds. Such a bond affords the general contractor a valid means of protecting its financial interests in the project. However, the United States is not a party to such a bond and the language of 40 U.S.C.A. § 270a makes it clear that this type of an agreement falls outside the scope of the Miller Act. Since the bonds issued by Hartford were not issued under the Miller Act, but rather arose under the subcontract agreement between Dominion and LM, the Miller Act's jurisdictional requirements are inapplicable to the current action. In this regard, this Court finds itself in complete agreement with the Report and Recommendation of U.S. Magistrate Judge Robert W. Lovegreen. See
Report and Recommendation of U.S. Magistrate Judge Robert W. Lovegreen, Lonsdale Concrete Construction, Inc. v. LM ConcreteForms Inc., et. al., C.A. No. 94-0446T (September 26, 1995).
Because the Miller Act doesn't apply, jurisdiction is not exclusively vested in the Federal District Court. The Plaintiff has properly come before this Court and its exercise of subject matter jurisdiction over the instant action is appropriate.
Plaintiff's Motion for Summary Judgment
The plaintiff's characterization of this action is very straightforward. Dominion alleges the existence of an unpaid debt and seeks a judgment against the debtor and its bonding agent for the outstanding balance due. The plaintiff further alleges that because there exists no genuine issue of material facts, summary judgment is warranted.
In support of its motion for summary judgment, Dominion offers the affidavit of Mr. John Pursche. Mr. Pursche is an officer of Dominion. In his affidavit, he attests to the fact that LM is indebted to Dominion in the amount of $68,886.75. Mr. Pursche further indicates that this amount is the aggregation of two separate and distinct debts. A debt of $4,167.50 arose out of Job No. 4365. Job No. 4365 is independent and distinct from the NUSC project and is therefore not covered by the Hartford performance bond. A further debt of $64,719.25 is attributable to the NUSC project and is designated internally on Dominion's books as Job No. of 4076A. Because this debt is attributable to the NUSC project, it is covered by Hartford's performance bond. Dominion argues that because no facts concerning this debt are in dispute, summary judgment should be granted.
The defendants contest the plaintiff's characterization of this action and advances a three pronged argument in response to the plaintiff's motion. They first challenge this Court's jurisdiction over the claims at issue. Second, defendants contest the timeliness of the plaintiff's claims, arguing they were brought outside the express one year limitation provided for under the performance bond. Finally, the defendants argue that significant issues of material fact exist which must necessarily be resolved by the trier of fact.
A revisitation of the defendants' jurisdictional argument, earlier addressed by this Court, is unnecessary. The exercise of jurisdiction by the Superior Court in this matter is proper.
The defendants next argue that the plaintiff failed to satisfy the timeliness requirements of the performance bond. Specifically, defendants argue that under the terms of the bond, "[n]o suit or action shall be commenced hereunder by any claimant. (a) After the expiration of one (1) year following the date on which Principal ceased work on said subcontract . . . ." The record indicates that this action was commenced on May 13, 1994. Dominion asserts that its complaint is timely because LM has previously stipulated that its last day of work on the NUSC project was May 27, 1993, and thus, the claim was filed within the one year window. Hartford Fire Insurance Company's Memorandum Of Law In Support Of Its Motion For Summary Judgment at 2,Lonsdale Concrete Construction, Inc. v. LM Concrete Forms Inc.,et. al., C.A. No. 94-0446T. Hartford and LM contend that their answer to Request for Admission No. 5, in which LM denied that it performed work on the NUSC project after May 13, 1993, establishes an issue of material fact to be determined by the trier of fact.
The defendant's timeliness argument can be dismissed without even passing on the merits of the issue. It is well established that the party opposing summary judgment may not rest upon mere allegations or denials in its pleading and has the affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial. Ouimette 541 A.2d at 856. Failure to set forth such facts will result in summary judgment being entered against the party opposing the motion. Ardente, 117 R.I. at 257-58, 366 A.2d at 164. In the present controversy, the defendants have failed to satisfy this burden. The plaintiff points to a stipulation entered into by the parties in United States District Court to establish the last day of work by the subcontractor. To rebut this claim, the defendants can point to nothing more than a denial in their pleadings. The clear language in Ouimette establishes that such an allegation is insufficient on its face to defeat a motion for summary judgment. Therefore, with respect to the timeliness claim, defendants' argument must fail.
Finally, this Court addresses the defendants' contention that the amount in controversy was disputed and undeterminable and therefore not properly disposed of by means of a motion for summary judgment. To support their position, the defendants argue that the sum of the invoices related to Job No. 4076A total $74,971 rather than the $64,719.25 sought by plaintiff.[1] The defendants arrived at this total by adding together all the invoices obtained during discovery relating to Job No. 4076A. Assuming arguendo, that the defendants' math is correct, this Court still cannot find the existence of a genuine issue of material fact sufficient to defeat the plaintiff's motion for summary judgment. To deny plaintiff's motion based on the proffered argument would put this Court in the absurd position of denying plaintiff a remedy because the defendants claim they owemore money than that which is being sought by the plaintiff.
After having weighed the evidence presented including the affidavits of the parties, the legal memoranda submitted to the Court, and the arguments of counsel, this Court denies the defendants' motion for summary judgment. Furthermore, plaintiff's motion for summary judgment with respect to Hartford Fire Insurance Company is granted in the amount of $64,719.25 and plaintiff's motion for summary judgment with respect to LM Concrete is granted in the amount of $68,886.75.
Counsel shall prepare the appropriate order for entry in accordance with this decision.
[1] The defendants do not dispute the amount outstanding on Job No. 4365.