JULES DESURMONT WORSTED CO. *vs.* LILLIAN JULIAN.

MARCH 26, 1936.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

BAKER, J. This cause is before us on the petitioner's appeal from a decree of the superior court dismissing, on motion of the respondent, a petition for review filed by the petitioner under general laws 1923, chapter 92, article III, sec. 13, commonly known as the Workmen's Compensation Act.

On February 24, 1931, the petitioner and the respondent, as employer and employee respectively, entered into a preliminary agreement under the provisions of the compensation act, whereby it was agreed that the petitioner pay to the respondent a certain stipulated sum weekly, as compensation for an injury the latter had received to her knee, February 6, 1931, while in the course of her employment, which injury caused total incapacity at that time.

Thereafter, on April 16, 1932, the employer filed in the superior court a petition for review, claiming that the employee had ceased to be totally incapacitated for work. After a hearing, this petition was denied and dismissed by a decree entered in that court, May 31, 1932. A second petition for review was filed by the petitioner, September 19, 1932. This petition set out the same grounds as the previous petition, and in addition alleged that, if the respondent was still totally incapacitated, such condition could be remedied by an operation on her knee, which operation the petitioner offered to have performed at its expense, but that the respondent had refused to undergo such an operation, and it therefore prayed that it be relieved from making any further payments to her. Following the filing of this petition, an interlocutory decree was entered, appointing a physician as medical examiner, under the

provisions of sec. 21, art. II, of the compensation act, to examine the respondent in order to determine the nature, extent and duration of her injury, and particularly as to the necessity and advisability of an operation on her knee to relieve her from disability, and to report thereon to the superior court. Accordingly, an examination of the respondent was had, and the physician filed his written report as ordered. Thereafter, on February 2, 1933, a justice of that court filed a rescript in which he found as a fact that an operation was not necessary, that the respondent was still totally incapacitated for work of the character she was engaged in at the time of the accident, and dismissed the petition for review. No decree was entered in the superior court following these findings. The third petition for review, and the one now before us, was filed in the superior court by the petitioner, December 28, 1934.

The respondent's contention, which is denied by the petitioner, is that the present petition for review is filed too late. This issue calls for a construction of the language used in sec. 13, art. III of the compensation act. The following are the material portions of this section: "Sec. 13. At any time before the expiration of two years from the date of the approval of an agreement, or the entry of a decree fixing compensation, but not afterwards, and before the expiration of the period for which compensation has been fixed by such agreement or decree, but not afterwards, any agreement, award, findings or decree may be from time to time reviewed by the superior court upon the application of either party, after due notice to the other party, upon the ground that the incapacity of the injured employee has subsequently ended, increased, or diminished. Upon such review the court may increase, diminish, or discontinue the compensation from the date of the application for review, in accordance with the facts, or make such other order as the justice of the case may require, but shall order no change of the status existing prior to the application for review. The finding of the court upon such review shall be

served on the parties and filed with the clerk of the court having jurisdiction, in like time and manner and subject to like disposition as in the case of original decrees: . . ."

The petitioner urges that, in reviewing findings of the superior court as embodied in a rescript filed by that court, the findings in such rescript must be considered as having the same legal effect as a decree, and that a petition for review may properly be filed at any time within two years after the date of the filing of the rescript, or before the expiration of the period for which compensation has been fixed, if such period be less than two years. This latter contingency is not involved herein because there had been no fixing by the parties, the commissioner of labor, or the court, of any definite period for which compensation was to be paid, other than for the duration of the total incapacity of the employee. In the instant cause the rescript containing the findings sought to be reviewed was filed February 2, 1933, and the present petition was filed within two years from that date, *viz.* on December 28, 1934.

The petitioner maintains that the construction it places on the above section is correct because of the requirement that the finding of the superior court upon a review, "shall be served on the parties and filed with the clerk of the court, . . . in like time and manner and subject to like disposition as in the case of original decrees." The petitioner compares this procedure with that required under sec. 6, art. III of the compensation act, as amended by public laws 1928, chapter 1207, relating to the disposition of original petitions, on appeal from the commissioner of labor, wherein it is required that decisions in writing be filed with the clerk of the court and a decree entered thereon containing findings of fact. The petitioner contends that the decree in the latter instance and the findings upon a petition for review in the former instance are intended to have the same effect under the act. It then argues that as orginal decrees fixing compensation are reviewable under sec. 13 within two years from their entry, unless a shorter

period for the payment of compensation is fixed, so also are findings on a petition for review filed under that section.

The respondent contends that the reasonable meaning of sec. 13 is that petitions for review must be filed not later than two years from the date of the approval of the original agreement for compensation, or the date of the entry of the original order or decree fixing compensation, unless the time for the payment of compensation is fixed at less than two years.

In construing sec. 13 and determining the intent of the legislature therein, it is our duty to give the language used its ordinary and natural meaning, and to give effect to all parts of the section if possible, having in mind the general purpose of the act. A consideration of that section shows that the superior court is given authority to review, from time to time, any agreement, award, findings or decree made or entered in a proceeding for compensation. Obviously, however, some limitation as to time over the power to review was necessary, and the legislature clearly defined this limit by providing that the application to review must be made to the superior court, "at any time before the expiration of two years from the date of the approval of an agreement, or the entry of a decree fixing compensation, but not afterwards, and before the expiration of the period for which compensation has been fixed by such agreement or decree, but not afterwards." The limitation period begins to run either where the parties themselves had been able to come to an agreement which had been approved, or where an order or decree had been entered fixing compensation.

We do not accept the respondent's contention that this reference to agreement and decree applies only to the original agreement or the original order or decree for compensation. The language used is more comprehensive. It refers to "an agreement" and "a decree fixing compensation." In our opinion, this means any approved agreement made by the parties or any order or decree entered fixing compensation. It includes not only original

agreements, orders and decrees, but those subsequently made or entered, provided they fix compensation. We find, therefore, that the language of the act is plain and sets out clearly the time within which a petition for review of any agreement, award, findings or decree can be filed, and that it can not be filed thereafter.

It is now necessary to consider the petitioner's claim that, after a hearing on a petition for review, a finding of the superior court in a rescript duly filed has the same legal effect as a decree. This contention rests upon the construction given by the petitioner to the portion of sec. 13, relating to a finding upon a review, and hereinbefore specifically referred to. Viewing the act as a whole, we are unable to adopt the meaning sought to be given by the petitioner to the language in question.

It undoubtedly was the intention of those framing the act that procedure under it be simplified, and that as little time as possible be taken up with matters of pleading. Sec. 14, art. III. In so far as any particular method of procedure is indicated in the act, however, it is clear that it was the intention that practice in equity be followed. In sec. 2, art. III, as amended by public laws 1928, chap. 1207, it is provided that a petition be filed in the office of the commissioner of labor as a starting of proceedings, and in sec. 4, art. III, as amended by chap. 1207, it is required that the respondent file an answer to the petition. By sec. 6, art. III, as amended by chap. 1207, the entry of a decree containing findings of fact becomes compulsory after the superior court has made its decision on an original hearing in that court. This same section contains a provision as to how this decree may be enforced. Under the act, sec. 7, art. III, appellate proceedings to this court are by appeal and not by bill of exceptions. Finally, it is generally accepted that in a cause in equity it is essential that a decree be entered, following a decision or a finding by a court, in order to carry out and give effect to such decision or finding.

The interpretation sought to be placed by the petitioner upon the part of sec. 13, dealing specifically with the finding of the superior court upon a review, would result in a departure from the usual and ordinary course of equity practice. We are of the opinion that the language employed in this part of sec. 13 should not be given this construction unless it is unavoidable, and no other reasonable meaning is possible. In our judgment, it is advisable that this portion of sec. 13 be construed, if practicable, so as to make the procedure under the various sections of the act uniform, and to have it follow the course of equity, as was the evident intention. We believe this can fairly be done. We have heretofore mentioned that sec. 6, art. III of the compensation act, as first adopted and also as amended by chap. 1207, specifically requires the entry of a decree after the decision of the superior court on an original hearing in that court. In our opinion, the framers of the act did not desire to repeat in sec. 13 all the provisions of sec. 6, regarding decisions, findings and decrees, but attempted, by the language used in the former section, to express concisely the intention that findings upon a petition for review should be treated in the same general manner and should follow the same general procedure as applied to findings and decrees filed and entered after the original hearing in the superior court on the petition for compensation. Therefore, after a finding by the superior court on a petition for review, a decree should properly be entered to carry such finding into effect. If any attempt were made, upon a petition for review, to enforce the finding of the superior court, it clearly would be necessary to enter a decree thereon. The same is true if either party desired to appeal to this court, following the finding upon a petition for review. The mere rescript of the superior court, containing the findings, could not be enforced or appealed from. We are of the opinion, therefore, that such rescript containing findings on a petition for review can not be held to have the legal effect of, or to operate as a decree.

This holding finds support in the opinion of this court in *Turner Construction Co.* v. *Simone*, 51 R. I. 210. In that case, a petition for review was before the court, and one of the questions considered related to the form of the decree entered in the superior court after the hearing on the petition. It was contended that the decree was defective in that it did not contain any findings of fact. This contention was upheld, the court saying, "and the decree following the decision contains no findings of fact as required by the statute." Clearly this must refer to the requirements in sec. 6, art. III, as amended, *supra*. Further, no suggestion appears that the entry of a decree was unnecessary, and that the decision could be given the legal effect of a decree. The following language also appears in the opinion: "It is important that the statutory provisions which govern proceedings under Chapter 92, General Laws, 1923, 'Workmen's Compensation Act,' be closely followed so that the parties may know on what grounds relief was granted or denied and also that it may appear plainly to this court, in case of appeal, the reason for the action of the court below."

As the record herein shows that the petition for review now before us was filed after the time permitted under the provisions of sec. 13, in that it was filed more than two years from the date of the approval of an agreement, or the entry of an order or decree fixing compensation, it follows that such petition for review is invalid.

The action of the superior court in granting the respondent's motion to dismiss this petition for review filed by the petitioner was without error.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Moss, Haslam & Arnold, W. Vincent Sumpter, Harry A. Tuell,* for petitioner.

*Kennedy & Greene,* for respondent.