Paul J. BLANCHARD

v.

Dorothy M. BLANCHARD.

No. 82–175–A.

Supreme Court of Rhode Island.

Dec. 13, 1984.

Joseph A. Lamagna, Pawtucket, for plaintiff.

Linda J. Kushner, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This case is before us on an appeal by the defendant from a summary judgment awarding the plaintiff partition of the marital property. We reverse.

The defendant, Dorothy Blanchard, has resided in the marital home since the 1961 final divorce decree pursuant to an oral property-division agreement.[1] This agreement was not reduced to writing. Subsequently, in 1964 plaintiff Paul Blanchard filed for partition of the property. The trial justice denied the petition, finding that an agreement between the parties existed and that defendant was entitled to the use of the property so long as she resided in the marital home and continued to pay the mortgage, taxes and insurance expenses. A decree to this effect was entered. The trial justice, moreover, made an additional, independent finding that it would be in the best interest of the minor child to continue to reside with her mother at the marital home. This was not, however, a condition embodied in the decree.

In 1974 plaintiff brought the instant suit for partition, alleging once again that there had been a change of circumstances. He stated that defendant had failed to comply with the terms of the property settlement agreement and that he was therefore entitled to relief. The parties filed motions for summary judgment. The defendant accordingly filed affidavits to attest to her compliance with the two conditions enunciated in the decree.

The trial justice, after considering all the pleadings, affidavits, admissions and other material, found that the remarriage[2] by defendant and the emancipation of the minor child were evidence of a breach in the conditions of the property-settlement agreement purportedly established by decree in 1964, and he therefore granted plaintiff's motion for summary judgment.

The sole issue presented before this court is whether the trial justice committed error in granting plaintiff's motion for summary judgment.

The defendant contends that the trial justice erred. She asserts that equity speaks through decrees and that the trial justice mistakenly made reference to extraneous matters in the 1964 decision that were not part of the decree. The plaintiff, in turn, asserts that the 1964 decree was ambiguous and resort must be made to the decision in the original partition suit to ascertain the conditions of the property-settlement agreement.

■ Summary judgment should be granted only if an examination of all the pleadings, affidavits, admissions, answers to interrogatories and other materials, viewed in the light most favorable to the party opposing the motion, reveals no issue of material fact and the moving party is entitled to judgment as a matter of law. *Nichola v. John Hancock Mutual Life Insurance Co.*, R.I., 471 A.2d 945, 947–48 (1984); *Estate of Bassett v. Stone*, R.I., 458 A.2d 1078, 1081 (1983); *Saltzman v. Atlantic Realty Co.*, R.I., 434 A.2d 1343, 1345 (1981).

■ Herein defendant has advanced sufficient facts to defeat the motion for summary judgment. The defendant's affidavits state that, within the demands of her

---

1. In 1953 Dorothy Blanchard acquired the contested property by deed in fee simple. She subsequently deeded the property to Paul Blanchard and herself as joint tenants in 1958.

2. In 1976 Dorothy Blanchard remarried briefly, then divorced her second husband in 1977.

employment as a visiting nurse that occasionally require her to stay overnight with patients, she has continuously resided at the marital home and has made all mortgage, tax and insurance payments from May 1964 to the present. The plaintiff's answers to interrogatories, moreover, admit that he has made no such payments from entry of the 1964 decree to the present. The affidavits and answers to interrogatories advance issues of material fact that speak directly to the conditions set forth in the decree. The existence of issues of material fact deprive the trial justice of authority to award partition through summary judgment.

The trial justice, moreover, erred in looking beyond the equity decree to determine the conditions of the property-settlement agreement. The proposition "equity speaks through decrees" is a long-standing principle of law. *Pukas v. Pukas,* 104 R.I. 542, 247 A.2d 427 (1968); *Perri v. Scott Testers, Inc.,* 84 R.I. 91, 121 A.2d 644 (1956); *Jules Desurmont Worsted Co. v. Julian,* 56 R.I. 97, 183 A. 846 (1936). The decree simply states that the defendant must continue to reside at the marital home and pay the taxes, mortgage and insurance on the house to fulfill the agreement. When the meaning of the decree is clear and unambiguous, reference cannot be made to material beyond the decree. 30A C.J.S. *Equity* § 612(b) (1965); *Cf. Chapman v. Vendresca,* R.I., 426 A.2d 262 (1981) (clear and unambiguous contractual language is controlling). The conditions set forth in the decree are unambiguous and controlling. The trial justice completely ignored the terms of the decree. There was no justification for recourse to the decision in the previous partition case. Reliance upon the defendant's remarriage and the emancipation of the minor child was error because these elements were not terms of the property-settlement agreement.

The defendant's appeal is sustained, the judgment granting the plaintiff's petition is vacated, and the matter is remanded to the Superior Court for further proceedings consistent herewith.