John T. O'HARA

v.

The JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY and Fleet National Bank.

No. 89–168–A.

Supreme Court of Rhode Island.

May 3, 1990.

John R. Mahoney, Baluch, Mahoney & Gianfrancesco, J. Ryder Kenney, Brennan & Kenney, Providence, for plaintiff.

Douglas A. Giron, Hinckley, Allen, Snyder & Comen, Thomas R. Bender, A. Laurison Parks, Hanson, Curran & Parks, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the plaintiff's appeal from summary judgment entered in favor of both defendants in the Superior Court. We affirm. The facts of the case insofar as pertinent to this appeal are as follows.

On October 3, 1983, John T. O'Hara and Lorraine S. O'Hara, husband and wife, attended a closing of a real estate transaction at the office of Fleet National Bank (Fleet) granting them a loan secured by a mortgage on their home. The mortgage was in the amount of $40,000. Incident to this transaction, the O'Haras completed an application for a group mortgage-insurance policy. The O'Haras filled out certain information on the application and agreed to pay a monthly premium of $16 for coverage under the policy. The group policy was in the possession of Fleet and provided that in the event of the death of a mortgagor (in this case either of the O'Haras) the balance of the mortgage then due would be payable by the John Hancock Mutual Life Insurance Company (Hancock) to Fleet.

On the date of the closing Fleet approved the application for insurance and accepted $32 for two months premiums as required by the policy. The policy of insurance contained the following exclusion in relation to suicide:

> "Suicide. In the event any Debtor insured hereunder commits suicide, while sane or insane, within two years from the date he becomes insured hereunder, the amount of Life Insurance payable by the Company, in place of all other benefits, will be equal to the premiums paid to the Company by the Policyholder for Life Insurance on said Debtor in connection with said loan."

It is undisputed that Lorraine O'Hara committed suicide on December 9, 1984, as a result of a self-inflicted bullet wound. In January 1985 John T. O'Hara, plaintiff in this action, applied for payment under the policy. Hancock refused payment and denied coverage on the ground of the specific suicide exclusion contained in the policy. The plaintiff alleges in his complaint, and

sets forth in an affidavit in opposition to the motion for summary judgment, that he at no time received any documentation relating to the mortgage insurance and was unaware of any suicide exclusion. He stated that he saw no written instrument save the application. On the basis of this application, plaintiff believed that in the event either he or his wife should die, the outstanding mortgage would be paid by Hancock. He further set forth that he continued to make mortgage payments that included a sum for the life insurance premium. For the purposes of this opinion the factual allegations in plaintiff's affidavit must be taken as true.

After Hancock refused payment under the policy and Fleet declined to bring a legal action against Hancock, Fleet tendered return of all premiums to plaintiff, who then brought suit against both Fleet and Hancock.

■ The standard for the granting of summary judgment has been frequently stated by this court. In essence summary judgment is a drastic remedy that should be granted only when examination of all pleadings, affidavits, admissions, answers to interrogatories, and other materials viewed in the light most favorable to the party opposing the motion reveals no issue of material fact, and the moving party is entitled to judgment as a matter of law. *Blanchard v. Blanchard*, 484 A.2d 904 (R.I.1984); *Rustigian v. Celona*, 478 A.2d 187 (R.I.1984); *Steinberg v. State*, 427 A.2d 338 (R.I.1981). In considering the propriety of granting a motion for summary judgment on appeal, this court is bound by the same rules. *Westinghouse Broadcasting Co. v. Dial Media, Inc.*, 122 R.I. 571, 410 A.2d 986 (1980).

■ In the case at bar the trial justice determined that the only disputed factual issue was whether plaintiff had knowledge of the suicide exclusion. He held as a matter of law, however, that knowledge by plaintiff was not a material issue of fact and assumed for purposes of passing upon the motion that plaintiff's lack of actual knowledge was true. With this determina-

tion we agree. The trial justice entered summary judgment in favor of Hancock on the ground that plaintiff had no standing to bring an action against Hancock because of lack of any privity between them. In so holding, the trial justice relied upon our opinion in *Ricard v. John Hancock Mutual Life Insurance Co.*, 113 R.I. 528, 324 A.2d 671 (1974). The trial justice's reliance upon this case was clearly correct. In *Ricard* this court held that a group mortgagor's policy of insurance required payment by the insurer to the bank in the event of the death of a mortgagor. We further stated that under such a policy the bank was the only proper plaintiff, and that its obligation was to do "everything reasonably necessary to compel payment of the policy in the event of the covered insured's death." *Id.* at 534, 324 A.2d at 674. Obviously the degree of compulsion that is reasonably necessary, if any, depends upon the circumstances of each case. In any event, the granting of the motion for summary judgment in favor of Hancock was clearly correct as a matter of law under the controlling principles enunciated in *Ricard.*

■ In respect to the summary judgment entered in favor of Fleet, the trial justice was required to examine the group policy. The existence of a group-credit life-insurance policy issued and delivered by Hancock to Fleet was admitted by plaintiff pursuant to Rule 36 of the Superior Court Rules of Civil Procedure by his failure to respond to requests for admissions propounded by Hancock. This policy contained a suicide exclusion and was certainly binding in respect to Fleet. The plaintiff contends that the application filled out by him and his wife constituted an insurance policy. This claim is utterly without merit. The application clearly states that it is a "mortgage insurance application," and that the information contained therein is "given to obtain insurance." Consequently the trial justice was faced with the interpretation of a completely unambiguous instrument that he would be required to interpret as a matter of law. The material furnished to plaintiff referred to "group insurance coverage." No reasonable person could conclude that this application constituted a policy of insurance. It was a preliminary step to acquiring coverage under a policy of group insurance existing between Fleet and Hancock. Thus there were no ambiguities that could have created an issue of fact as in *Ricard.* See, e.g., *Cardi v. Amoriggi Sea Foods, Inc.*, 468 A.2d 1223 (R.I. 1983); *Lennon v. MacGregor*, 423 A.2d 820 (R.I.1980); *Beckwith v. Rhode Island School of Design*, 122 R.I. 93, 404 A.2d 480 (1979); *Judd Realty, Inc. v. Tedesco*, 400 A.2d 952 (R.I.1979). Accordingly, the trial justice gave appropriate consideration to the effect of the application and the terms of the group policy of insurance as questions of law.

Whether plaintiff had knowledge of the terms of the group policy, including the suicide exclusion, was not a material issue. Whether or not plaintiff had taken steps to make himself aware of the terms and conditions of the policy, the suicide exclusion was binding upon Fleet and controlled Fleet's obligation to plaintiff. *See Ferla v. Commercial Casualty Insurance Co.*, 74 R.I. 190, 59 A.2d 714 (1948).

As a matter of law Fleet had no obligation to the plaintiff, save to submit his claim to Hancock. When Hancock denied the claim on the basis of the suicide exclusion, Fleet was not required to bring a suit that was destined to fail. Not only would such a suit have been an exercise in futility, but inasmuch as there was no legal basis for recovery, the bringing of such an action might well have been construed as a violation of Rule 11 of the Superior Court Rules of Civil Procedure.

For the reasons stated, the plaintiff's appeal is denied and dismissed. The summary judgment entered in the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court.