[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff's complaint is for declaratory judgment, to establish coverage under an automobile liability policy issued by the defendant which the latter maintains had been cancelled. He also seeks recovery under the provisions of the uninsured motorist coverage in the policy. Defendant's amended answer denies the material averments on the first issue and sets up abandonment by plaintiff as a further defense. Before the Court are an agreed statement of facts and memoranda of counsel, for plaintiff's motion for partial summary judgment on the coverage question. Exhibit C of the agreed statement of facts is an instrument sent to plaintiff by the insurer entitled "Notice of Cancellation." It was mailed February 14, 1989, effective cancellation date noted for March 2, 1989 and the content reads:
 "Dear Policyholder: Your payment that was due on 02/02/89 has not been received. We regret to inform you that your policy is being cancelled according to the policy provisions unless payment of the total or minimum amount shown above is received by the cancellation effective date.
 A single late charge of $10.00 has been added to your billing account. If you have more than one policy on the account you will not be charged separately for each policy. If you have already mailed your payment you will receive a reinstatement notice shortly."
Plaintiff cites Automobile Club Ins. Co. v. Donovan, 550 A.2d, p. 622 as authority for the proposition that the above quoted language did not effect cancellation. In that case the Court adopted the principal from other states that "when an insurance company requests an additional premium and states that prompt payment will keep the policy in effect, this is an insufficient notice of cancellation since it is ambiguous and not sufficiently unequivocal." Automobile Club Ins. Co., supra, at p. 623.
But here, at least facially, the notice sent falls within the mandate of regulation 16 (3)(B) promulgated by the insurance commissioner, and quoted at p. 623, supra. Here there was no change in coverage, as there was in the cited case, and here there was no ambiguity, as there, in using the terms "due date" and "expiration date" without explanation of the meaning of those terms. Nor was there any additional premium charged here, as there was there.
Further, defendant argues that plaintiff's letter to his finance company (agreed statement of facts, exhibit F) supports the proposition that in fact, plaintiff abandoned this insurance contract, citing the language "so I decided to let my insurance lapse for three to four weeks and then pick up a new cheaper policy."
Having examined the material before the Court in the light most favorable to defendant (O'Hara v. John Hancock Life Ins.Co., 574 A.2d 135 (R.I. 1990)) the Court cannot say there is no genuine issue of material fact to be tried.
Plaintiff's motion should be and hereby is denied.
Order to enter.