[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case comes before the court on defendant, Outlet Broadcasting, Inc.'s motion for summary judgment pursuant to Rule 56 of the Rhode Island Superior Court Rules of Civil Procedure. The plaintiff asserts that G.L. 1956 (1989 Reenactment) §§ 25-3-1
through 25-3-3 are applicable to the defendant, and that these statutes require the defendant to obtain a permit in order to operate on Sundays and holidays. The defendant contends that the state statutes upon which the plaintiff bases it's cause of action are preempted by federal law.
By way of background, the plaintiff, Local 1228, International Brotherhood of Electrical Workers, AFL-CIO, CLC, is the collective bargaining agent for various production and news personnel at Providence based WJAR-Television (WJAR-TV). The defendant, Outlet Broadcasting, Inc. (Outlet) owns and operates WJAR-TV under a license granted by the Federal Communications Commission (FCC). Pursuant to the relevant FCC regulations, Outlet is required to operate WJAR-TV seven days per week. Defendant Outlet does not presently possess a permit from the Rhode Island Department of Labor to operate on Sundays and holidays as required by G.L. 1956 (1989 Reenactment) § 25-3-1.et. seq. Employees assigned to work on Sundays and holidays are compensated at their regular rates of pay.
The plaintiff contends that under Rhode Island law, WJAR employees assigned to work on Sundays and holidays should be paid time and one half. In addition, the plaintiff asserts that Outlet should be required to obtain a permit in order for WJAR to conduct business on Sundays and holidays pursuant to § 25-3-3.
In deciding on a motion for summary judgment, the court must view the opposing party's material in its most favorable light.O'Hara v. John Hancock Mutual Life Insurance Co., 574 A.2d 135
(R.I. 1990); Westinghouse Broadcasting Co. v. Dial Media, Inc.,122 R.I. 571, 410 A.2d 986 (1980). As the Supreme Court of Rhode Island has frequently stated, summary judgment is a drastic remedy which is to be cautiously applied. Commercial UnionCompanies v. Graham, 495 A.2d 243 (R.I. 1985); Rustigian v.Celona, 478 A.2d 187 (R.I. 1984). The pleadings, affidavits, admissions and other materials must be examined in the light most favorable to the party opposing the motion. O'Hara v. JohnHancock Mutual Life Insurance Co., 574 A.2d 135 (R.I. 1990);Blanchard v. Blanchard, 484 A.2d 904 (R.I. 1984). Summary judgment is a proper way to dispose of a case as a matter of law only when there are no genuine issues of material fact to be decided. Super. R. Civ. p. 56.
In regard to the question of whether there is a genuine issue of material fact to be decided upon in the instant case, this court is quite confident in concluding that there is not. Thus, the sole issue to be decided here is whether §§ 25-3-1 through25-3-3 are preempted by the applicable FCC regulations.
The statute that the defendant relies upon in this case is 47 C.F.R. § 73-1740(a)(2), which provides that after 36 months of operation all commercial broadcast stations are required to operate "not less than 2 hours in each day of the week and not less than a total of 28 hours per calendar week." This regulation applies to all television broadcast stations nationwide. In essence, the FCC is the administrative body that licenses these stations, and grants them the authority to broadcast over the airwaves.
In deciding on this matter, the language of 47 C.F.R. § 73.1740(a) (2) must somehow be reconciled with the mandates of G.L. 1956 (1989 Reenactment) §§ 25-3-1 through 25-3-3. Section25-3-2 provides in part, as follows:
 It shall be unlawful for any employer to require or permit an employee to work on Sundays or holidays except for work of absolute necessity or work performed pursuant to a permit issued under the provisions of § 25-3-3 . . .
Section 25-3-3 addresses the need to obtain a permit from the Director of the Department of Labor in order to conduct business on Sundays and holidays. This section also states that "permits shall be issued only in cases of economic necessity and shall be effective for the period specified therein." The apparent effect of § 25-3-3 would be to obligate the defendant in this case to demonstrate that its broadcasts are of "economic necessity." In addition, § 25-3-3 imposes the requirement that employers pay employees one and one half times the normal rate for work performed on Sundays and holidays pursuant to a permit.
As part of its analysis this court must examine the impact of Article VI, cl. 2 of the United States Constitution on the statutory and regulatory schemes presented here. Federal law is "the supreme law of the land; and the judges in every state shall be bound thereby, any Thing in the Constitution or Law of any State to the contrary notwithstanding." U.S. Const. Art. VI, cl. 2 (the "Supremacy Clause"). Generally, where either Congress or a federal agency has enacted federal regulations, these regulations, by virtue of the Supremacy Clause, preempt similar and overlapping state laws. Tucker v. Defense Mapping Agency,607 F. Supp. 1232 (D.R.I. 1985). By virtue of the Supremacy Clause, one manner by which federal law may preempt state law is where the state law conflicts with the accomplishment of Congress' full purposes. See Michigan Canners Freezers Ass'nv. Agricultural Marketing v. Bargaining Bd., 467 U.S. 461, 469 (1984). Preemption is also said to arise where, even in the absence of express language, Congress has indicated an intent to occupy an entire field of regulation, in which case the states must leave all regulatory activity in that area to the Federal Government. Id. Furthermore, it is well established that federal regulations have no less preemptive effect than federal statutes. See Fidelity Savings Loan Assn. v. De La Ouesta,458 U.S. 848 (1982).
The court finds that Congress has indeed expressed an intent to occupy the field of television broadcasting. In this regard,47 C.F.R. § 73.1740 mandates that WJAR-TV must operate seven days per week. The state statutes, on the other hand, purport to compel the station to apply for a permit in order to broadcast on Sundays and holidays. As a result, even the mere possibility of being denied such a permit creates an inherent conflict between the federal regulations and the state laws at issue here. This court is therefore of the opinion that § 25-3-1 et. seq.
would place an undue burden on the defendant's operation of the station by adding an administrative detail not contemplated by47 C.F.R. § 73.1740.
The defendants also argue that the operation of WJAR-TV is "work of absolute necessity" in accordance with FCC regulations and that the station is therefore exempt from the mandates of §25-3-1 et seq. Although meritorious, this court is of the opinion that this argument is available solely because of the preemptive nature of the federal regulations. In other words, if the federal regulations did not preempt the operation and effect of § 25-3-3, the defendant would be unable to argue that broadcasting on Sundays is "work of absolute necessity."
Further support for the proposition that preemption bars the application of § 25-3-1 et seq. can be drawn from the decision of the Department of Labor dated February 7, 1990. There, the Director of Labor ruled that requiring a television broadcasting station to obtain a work permit under Rhode Island law in order to operate on Sundays and holidays places an undue burden on the free flow of commerce (Decision of Director of Dept. of Labor, February 7, 1990). The Director indicated in his ruling that a potential denial of a permit could prompt a dispute over whether to apply Rhode Island law or the FCC regulations.Id. If this were the case, then the doctrine of preemption would ultimately cause Rhode Island law to yield to federal law.
For the reasons delineated above, § 25-3-1 et seq. is found to be inapplicable to the defendant, Outlet Broadcasting Company, as Rhode Island law is preempted by the pertinent FCC regulations. This court finds that the defendant is not obligated to apply for a permit in order to operate on Sundays and holidays, and thus there is no need to compensate employees at one and one half times their usual rates of pay. Therefore, the defendant is presently entitled to summary judgment as a matter of law. The defendant's motion is hereby granted. Counsel for the defendant shall prepare and submit to the court an order in conformity with this decision.