[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiffs sued defendants under R.I.G.L. 1956 § 6-16-4 as amended, seeking to set aside alleged fraudulent transfers. The action's foundation lies in NC910285, which is before the Court for perusal. There, plaintiffs sued Joseph Mancini as guarantor of a promissory note upon which the maker had defaulted. The case was answered by general denial only. It went to default judgment entered September 3rd, 1991 by Mr. Justice Pfeiffer. No appeal was taken, execution issued, and was returned unsatisfied October 4th, 1991.
The case under consideration by the Court involves guarantor Mancini's executor and his widow, now record owner of the properties whose transfer is under attack. In the first lawsuit, service was made on defendant Joseph Mancini on June 3rd, 1991. The first transfer under attack was by deed dated July 26th, 1990. Motion for summary judgment in that case was served July 11, 1991, with hearing August 5th, 1991. The second transfer here under attack was by deed dated August 5th, 1991.
In the case before the Court, both defendants filed timely answers and defendant Louise Mancini filed affirmative defenses attacking the judgment theretofore entered. That judgment, of course, has become final and no attempt was made to obtain relief from it under the provisions of R.C.P. 60(b). But this matter is not relevant to the Court's consideration of the case.
The promissory note involved here was payable on September 25th, 1989 and it was seriously in default on July 26th, 1990 when the first transfer was made. A strong inference could be drawn that the transfer was fraudulent. The second transfer was made on the day default judgment was entered against the transferor. An even stronger and compelling inference could be drawn that that transfer was fraudulent. But, in summary judgment, inferences favorable to the party opposing the motion must be drawn. See O'Hara v. John Hancock Mutual Life InsuranceCo., 574 A.2d 135 (R.I. 1990). And here strong as plaintiffs' case may be, the Court is unable to say that there is no genuine issue of material fact to be decided, as mandated by R.C.P. 56.
The motion should be and hereby is denied.
Order to enter.