SIGMUND WEISS et al., Appellants, v. HOME INSURANCE COMPANY, Respondent. SIGMUND WEISS et al., Appellants, v. GREAT AMERICAN INSURANCE COMPANY, Respondent.— Plaintiffs appeal from a judgment of the Supreme Court which dismissed identical complaints which sought to recover a proportionate loss against each of the defendants under similar insurance policies issued by them. The subject of the actions is damage to a T-shaped dock extending into Lake George in front of plaintiffs' summer residence. The policies of insurance written by the respective defendants were originally standard fire insurance policies. This appeal concerns only indorsements providing for "additional extended coverage". Plaintiffs contend that the loss comes within a peril insured against by the following policy clause: "8. Collapse of building(s) or any part thereof including collapse caused by weight of ice, snow or sleet." The dock in question was of a type commonly used, constructed of timber cribbing filled with rocks and stones and with a smooth floor or surface over the top. On April 29, 1956, plaintiffs discovered that some of the timbers on the north side of the dock had broken loose and that some of the rocks had spilled out into the lake. There is no proof as to where or in what manner this damage occurred or even any proof as to whether it occurred all at the same time or gradually. It appears from the record that the dock was usable and was used during the summer seasons of 1956 and 1957 without repair. The principal questions presented here are whether such a dock is a "building" within the meaning of the policy clause, and, if so, whether the damage to it

constituted a "collapse." We agree with the trial court that "To constitute the dock as a building under these circumstances however would require a strained construction which would not appear to be warranted by the facts." But the decision need not depend upon that determination. The record is entirely barren of any proof that the damage to the dock constituted a "collapse" within any accepted meaning of that word. Certainly the word involves an element of suddeness, a falling in, and total or near total destruction. Neither the oral testimony nor the photographic exhibits demonstrate any such thing. From the evidence it could as readily be determined that the damage to a portion of the dock was due to age or slow deterioration. Hence the plaintiffs have failed to sustain their burden of proof in establishing that their damage was caused by one of the perils insured against. Judgment affirmed, with costs. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.