■ JOHN GRAFFEO et al., Respondents, v. UNITED STATES FIDELITY AND GUARANTY Co., Appellant.— In an action by the owners and mortgagee of a dwelling house to recover upon a comprehensive form of policy insuring against " all risks of physical loss " with certain stated exclusions, issued by defendant and covering said premises, the defendant, by permission of this court, appeals from an order of the Appellate Term of the Supreme Court, made February 13, 1963, which: (1) reversed a judgment of the former City Court of the City of New York, entered November 3, 1961 after a nonjury trial upon an agreed statement of facts, in favor of the defendant; and (2) directed a new trial limited to the question of plaintiffs' damages. Order of the Appellate Term reversed on the law and the facts, without costs, and judgment of the City Court of the City of New York reinstated. Findings of fact contained in the opinion of the City Court are affirmed, and additional findings are made as indicated herein. The policy in suit expressly excludes from its coverage any loss by " settling, cracking, shrinkage, or expansion of pavements, foundations, walls, floors or ceilings; *unless* loss by * * * landslide, *collapse* [or] water dam- age * * * ensues, and this company shall then be liable only for such ensuing loss " (emphasis added). From the stipulated facts it appears: (1) that four rooms of the insured dwelling (a split-level house) rested upon a concrete slab; (2) that the slab sank or settled due to the discharge of sewage from a break in the waste pipe which was buried beneath the slab; (3) that after such settling of the slab the interior walls of the house were pulled away from the ceilings and crevices appeared; (4) that a four-inch separation between the slab and the molding occurred and other damage resulted; and (5) that the sinking or settling of the concrete slab was the direct cause of all the damage

claimed. The Appellate Term held that, under the circumstances, a "collapse" had ensued and that therefore the quoted subsidiary "unless" clause become operative. On this ground, the Appellate Term found for the plaintiffs, leaving open for a new trial only the question of damages. We are constrained to disagree with the Appellate Term. It is our conclusion that there was not a "collapse" of the premises within the intendment of the policy (see *Gage* v. *Union Mut. Fire Ins. Co.*, 122 Vt. 246; *Employers Mut. Cas. Co.* v. *Nelson*, 361 S. W. 2d 704 [Tex.]). The Appellate Division in the Third Department has interpreted the "collapse" of a building as used in an insurance policy to include "an element of suddenness, a falling in, and total or near total destruction" (*Weiss* v. *Home Ins. Co.*, 9 A D 2d 598). It is true that there is a minority view which construes "collapse" as a "sinking, bulging, cracking, pulling away of the wall" (*Travelers Fire Ins. Co.* v. *Whaley*, 272 F. 2d 288, 291 [applying Kansas law]). The latter construction, however, if applied to the instant case, would do violence to other provisions of the policy, particularly the basic exclusionary clause with respect to settling, etc. Only recently the principle has been reaffirmed that courts cannot construe a particular provision of an insurance policy in such a way as to emasculate the clear intent of its other provisions (*Walters* v. *Great Amer. Ind. Co.*, 12 N Y 2d 967). Since we find that there was no collapse within the purview of the policy, its basic exclusionary clause with respect to settling is applicable, and the City Court was correct in rendering judgment for the defendant. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.