DECISION
This matter is before the Court on defendant's motion for summary judgment. Jurisdiction is pursuant to R.C.P. 56.
Allen J. and Val B. Campbell (hereinafter "plaintiffs") purchased a single family dwelling at 14 Aberdeen Street in West Warwick, Rhode Island in 1989. On December 27, 1992, a nineteen (19) foot section of the thirty-two (32) foot southerly basement wall of the foundation collapsed. The collapse resulted in rocks, cement, and other debris falling into the basement area leaving a hole in the foundation. The collapse of part of the foundation caused part of the floors in the home to become unlevel and produced cracks in the walls, however, the building itself remained intact and standing.
At the time of the foundation collapse, plaintiffs had a valid homeowners insurance policy, No. N196139, with Norfolk and Dedham Fire Insurance Company (hereinafter "defendant"). After contacting the defendant, the plaintiffs were notified that the collapse of the foundation was not covered under the terms of the policy. Plaintiffs then initiated suit against the defendant alleging breach of contract and bad faith. Defendant now moves for summary judgment.
Standard for Summary Judgment
Summary judgment is a drastic remedy that should be cautiously applied. Granting a summary judgment motion is proper when there is no ambiguity as a matter of law. Holliston Mills,Inc. v. Citizens Trust Co., 604 A.2d 331 (R.I. 1992). Summary judgment should be issued when there exits no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Alfano v. Landers, 585 A.2d 651, 652 (R.I. 1991). In passing on a motion for summary judgment, the trial justice must review the pleadings and affidavits in a light most favorable to the party opposing the motion. O'Hara v. JohnHancock Mutual Life Insurance Co., 574 A.2d 135 (R.I. 1990). Nevertheless, the party opposing summary judgment may not rest upon mere allegations or denials in its pleadings and has an affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial. Quimette v. Moran,541 A.2d 855, 856 (R.I. 1988). Failure to set forth such facts will result in summary judgment entered against the party opposing the motion. Ardente v. Horan, 117 R.I. 254, 257-58, 366 A.2d 162, 164 (1976).
Plaintiffs assert that there exists a genuine issue of material fact to be resolved at trial. Plaintiffs argue that the language of the collapse provision of the "Additional Coverage 8" on page 5 of the policy, and the "Amendatory Endorsement" thereto, is confusing, ambiguous, and capable of several different meanings. Alternatively, defendant avers that the facts are undisputed since the policy language is clear and unambiguous. Accordingly, this Court must determine whether ambiguity exists from the terms of the policy. The policy provision at issue states, in pertinent part:
 Collapse. We insure for direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:
 a. Perils Insured Against in Coverage C — Personal Property. These perils apply to covered building and personal property for loss insured by this additional coverage;
 b. hidden decay;
 c. hidden insect or vermin damage;
 d. weight of contents, equipment, animals or people;
 e. weight of rain which collects on a roof; or
 f. use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of the construction, remodeling or renovation.
 Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under items b,
c, d, e, and f unless the loss is a direct result of the collapse of the building.
 Collapse does not include settling, cracking, shrinking, bulging or expansion. (Emphasis added).
The aforemention collapse coverage provision or one similar in form has been part of insurance policies since the early 1950's.Nugent v. General Ins. Co., 253 F.2d 800 (C.A. 8 Mo. 1958). While the specific language of the collapse coverage provision has changed throughout the decades, the positions of state courts as to the general meaning of the terms have remained sharply divided. The issue under consideration by this Court is the definition of "collapse."
In their earliest form, property insurance policies provided, without qualification or exclusion, for coverage against loss caused by: "Collapse of building or any part thereof." One view which had been taken is that "collapse" is an unambiguous term which denotes a falling in, loss of shape, or reduction to flattened form or rubble. Central Mut. Ins. Co. v. Royal,269 Ala. 372, 113 So.2d (1959); Higgins v. Connecticut Fire Ins.Co., 163 Colo. 292, 430 P.2d 479 (1967); Olmstead v. LumbermensMut. Ins. Co., 259 N.E.2d 123 (1970). This view, following the strict dictionary definition of "collapse," is argued by the defendant in this case.
In sharp contrast, other courts have adopted a more liberal view by holding that "collapse" can occur even though there has been no falling down, or reduction to rubble. Jenkins v. UnitedStates Fire Ins. Co., 185 Kan. 665, 347 P.2d 417 (1959);Anderson v. Indiana Lumbermens Mut. Ins. Co., 127 So.2d 304
(La. App. 1961); Morton v. Great American Ins. Co., 77 NM 35,419 P.2d 239 (1966). Under this view, the settling, cracking, bulging, or breaking of the insured building or any part thereof in such a manner that would materially impair its substantial integrity constitutes a "collapse." This view, based on the position that "collapse" is an ambiguous term, is argued by plaintiffs in this case.
The second form of collapse coverage to emerge insures against: "Collapse (not settling, cracking, shrinkage, bulging or expansion) of building or any part thereof." This form excludes loss caused by settling, cracking, etc., "unless collapse ensues." This form is similar to the provision in the case at bar in that both specifically exclude settling, cracking, shrinkage, bulging or expansion from the definition of collapse, and both allow certain exclusions to be covered if "collapse ensues" or as a direct result of "the collapse of a building."
The majority of courts have interpreted this "new" collapse provision to be unambiguous, which requires the application of the strict dictionary definition. Krug v. Millers' Mut. Ins.Assoc., 209 Kan. 111, 495 P.2d 949 (1972); Eaglestein v.Pacific Nat. Fire Ins. Co., 377 S.W.2d 540 (Mo. App. 1964);Graffeo v. United States Fidelity Guaranty Co., 20 App. Div.2d 643, 246 N.Y.S.2d 258 (1964). These courts noted that this "new" provision, which qualifies the definition of collapse to not include settling, cracking, shrinkage, bulging or expansion," is an attempt by insurance companies to correct the ambiguity found in earlier cases. Id.
While terms of an insurance policy should be construed strictly against the insurance company where the terms are subject to more than one reasonable interpretation, the court should not stretch its imagination. Bartlett v. Amica Mut. Ins.Co., 593 A.2d 45 (R.I. 1991). When terms are found to be clear and unambiguous, judicial construction is at an end. Pacitti v.Nationwide Mut. Ins. Co., 626 A.2d 1284 (R.I. 1993). After a careful reading of the collapse provision in plaintiffs' policy and the case law concerning the definition of "collapse," this Court finds the language of plaintiffs' insurance policy to be clear and unambiguous. Accordingly, this Court must apply the plain and ordinary meaning of the terms.
The collapse provision in plaintiffs' policy clearly states that the defendant does cover loss due to collapse when the collapse is caused by one of six factors, including hidden decay. The next paragraph in the policy states, however, that loss to the foundation is not included under the hidden decay exception unless the loss is the "direct result of the collapse of the building." The meaning of the above quotation is clear and unambiguous. For the plaintiffs to be able to recover for their loss, the loss to the foundation must have been caused by the falling in, loss of shape, or reduction to flattened form or rubble of the building. Since the damage to plaintiffs' home consists of cracked walls and unleveled floors, the requisite "collapse" of the building has not occurred. Accordingly, the loss due to the collapse of the foundation is not covered under plaintiffs' homeowners insurance policy.
This Court is mindful that to ascribe to "collapse" the meaning argued by plaintiffs would result in desirable coverage for all policyholders similarly situated. However, at issue before this Court is what coverage the plaintiffs actually purchased according to the terms of the policy. Plaintiffs would have this Court hold that the terms of the policy are ambiguous even though a careful, logical reading of the policy produces only one, unambiguous meaning.
The Court has considered the arguments of counsel. It has reviewed the trial discovery responses contained in the file and after due consideration, this Court finds that there exists no material issue of fact to be resolved at trial. Accordingly, defendant's motion for summary judgment is granted.
Counsel shall prepare the appropriate order for entry.