■ CLARENCE B. SMITH, Individually and Doing Business as CLARENCE'S CRANE RENTAL, Appellant, v GENERAL ACCIDENT INSURANCE COMPANY, Respondent. [744 NYS2d 59] —Lahtinen, J. Appeal from an order of the Supreme Court (McNamara, J.), entered March 20, 2001 in Albany County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

On September 3, 1997, a crane owned by plaintiff and insured by defendant allegedly sustained significant damage

when it toppled over while at a construction site. Following an investigation, defendant disclaimed coverage and the current action by plaintiff ensued.

The essential facts are not disputed. On the date of the accident, plaintiff intended to use the crane to lift construction materials onto the roof of a six-story building in the Town of Colonie, Albany County. The job entailed lifting a gravel hopper and placing it on the roof of the building. Plaintiff initially followed proper set up procedures to ensure the stability of the crane, including lowering the outriggers, putting blocking underneath the outriggers and leveling the crane. The crane consisted of a boom beam attached to the truck and a jib, which extended from the boom. After setting up the crane, plaintiff hooked the jib to the gravel hopper and raised the hopper to the roof. The hopper hung from a cable about five feet from the end of the jib. Before plaintiff put the hopper on the roof, the roofing company supervisor informed plaintiff that he wanted the hopper in a position about 14 feet from where plaintiff had intended to place it. Plaintiff determined that he could not maneuver the hopper to the new position without moving the truck back approximately two feet. He thus raised the outriggers a few inches off the ground and drove the truck backward about two feet with the hopper still dangling from the extended boom and jib. While he was repositioning the wood planks, he observed the hopper swinging and, shortly after, the crane and truck toppled over.

Defendant received prompt notice of the accident and initiated an investigation of the incident. On September 12, 1997, defendant sent a reservation of rights letter to plaintiff and, on October 9, 1997, defendant disclaimed coverage upon the ground that the accident fell within a policy exclusion for a loss caused "by any operation that stresses the machine beyond the manufacturer's suggested operational limits." The owner's manual directed that the truck should never be driven when the boom was extended or a load was suspended from the load line hook. Indeed, plaintiff, an experienced crane operator, stated that he was aware that the truck should not be moved with boom extended. After being notified that defendant had disclaimed coverage, plaintiff commenced this action and, following disclosure, defendant successfully moved for summary judgment. This appeal by plaintiff ensued.

Plaintiff contends that defendant's disclaimer letter was inaccurate and lacked specificity. Because this action involves a property insurance claim, it is not controlled by the high degree of specificity required by Insurance Law § 3420 (d) for a

disclaimer of liability for death or bodily injury (see, *Fairmont Funding v Utica Mut. Ins. Co.*, 264 AD2d 581; *Brown v State Farm Ins. Co.*, 237 AD2d 476). Defendant's disclaimer letter stated that "on or about 09-03-97 you drove the truck crane backwards, while the boom was extended approximately * * * ninety to ninety seven feet resulting in damage" and further referred plaintiff to the exclusion for losses caused by "any operation that stresses the machine beyond the manufacturer's suggested operational limits." In our view, defendant's disclaimer letter provided ample notice of the reason for the denial of coverage of plaintiff's property loss claim.

The argument that the exclusion from coverage upon which defendant relied was ambiguous is similarly unpersuasive. Exclusions from coverage must be clearly set forth and any ambiguity is construed against the insurer (see, e.g., *Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334, 340; *Town of Harrison v National Union Fire Ins. Co.*, 89 NY2d 308). The policy excluded operations that stressed the crane beyond the manufacturer's suggested operational limits. The manufacturer's guidelines, as set forth in the owner's manual that plaintiff acknowledged receiving and reading, unequivocally prohibited moving the truck with the boom extended or when a load was suspended from the load line hook.

Plaintiff also argues that the notice of disclaimer was untimely. A notice of disclaimer for a property loss claim provided 36 days after the accident, unsupported by any showing of prejudice to plaintiff caused by the delay, does not constitute an untimely disclaimer (see, *Sirignano v Chicago Ins. Co.*, 192 F Supp 2d 199; *Fairmont Funding v Utica Mut. Ins. Co.*, supra).

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.