(December 7, 2006)

■ RECTOR ST. FOOD ENTERPRISES, LTD., Appellant, et al., Plaintiff, v FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT, Respondent, et al., Defendants. [827 NYS2d 18]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered October 3, 2005, which, after a nonjury trial, dismissed the complaint, unanimously affirmed, without costs.

The subject policy specifically defined its additional coverage for collapse with respect to buildings as meaning "an abrupt falling down or caving in" and provided that "[a] building that is standing is not considered to be in a state of collapse even if

it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion."

Here, the trial evidence demonstrated that plaintiff insured's building was shown to have had two-to-three-inch-wide cracks in its facade and was sinking, out of plumb, and leaning; however, it was indisputably standing in the hours before its demolition by its owner after the City declared an immediate emergency and requested that the above-described condition be made safe either by demolition, repair, sealing or by whatever means necessary to protect the public safety (*see Graffeo v United States Fid. & Guar. Co.*, 20 AD2d 643 [1964], *lv dismissed* 14 NY2d 685 [1964]). Accordingly, even though the building required demolition, the event resulting in the loss was not covered by the provision of defendant insurer's policy insuring against loss attributable to "abrupt" collapse (*cf. Weiss v Home Ins. Co.*, 9 AD2d 598 [1959]).

The policy language is unambiguous and, absent any showing of a statutory requirement to that effect, plaintiff's argument that public policy mandates that insurers who provide coverage for collapse must be required to also cover imminent collapse is without merit (*cf. American Home Assur. Co. v Employers Mut. of Wausau*, 77 AD2d 421, 429 [1980], *affd for reasons stated in op of Sullivan, J.*, 54 NY2d 874 [1981]). Plaintiff's additional argument that the actual definition of collapse in the subject policy violates the public policy of promoting public safety by encouraging property owners to risk serious injury or death or greater property damage in order to ensure that coverage will attach is likewise unpersuasive. Concur—Buckley, P.J., Andrias, Nardelli, Sweeny and McGuire, JJ.