■ Susan C. Khuns, Respondent, v Bay State Insurance Company, Appellant. [910 NYS2d 822]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered April 16, 2008. The order, insofar as appealed from, denied the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action seeking insurance coverage resulting from damage to a structural foundation wall in her home. According to plaintiff, the damage was the "collapse" of the structural foundation wall, while defendant contended that the loss did not come within the definition of "collapse" set forth in the homeowners' insurance policy issued by defendant to plaintiff. In its letter informing plaintiff that there was no coverage, defendant set forth that the loss did not constitute a "collapse" within the meaning of the policy. In addition, defendant relied on the policy exclusions for water damage, loss caused by earth movement, and inadequate construction or design. Supreme Court denied both defendant's motion for summary judgment dismissing the complaint and plaintiff's cross motion for partial summary judgment on liability. Defendant appeals, and we affirm.

With respect to the issue whether the loss constitutes a "collapse" as defined by the policy, i.e., whether the claim is covered by the policy, we conclude that defendant failed to meet its initial burden of establishing as a matter of law that the loss did not involve a "collapse" within the meaning of the policy (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In support of its motion, defendant submitted the deposition testimony of plaintiff, who twice described the loss as a "cave in." Plaintiff also testified that there was a crack below the middle of the wall where light was visible from outside the wall and, more importantly, that the wall "fell in to the point that [one] could see the outside in one portion," requiring immediate repair and replacement. In view of both plaintiff's dep-

osition testimony and the policy language defining a collapse as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose," we conclude that the submissions of defendant are insufficient to establish its entitlement to summary judgment on the issue whether the loss was a "collapse" within the meaning of the policy (*see generally id.*). Contrary to the view of our dissenting colleague, the facts in *Rector St. Food Enters., Ltd. v Fire & Cas. Ins. Co. of Conn.* (35 AD3d 177 [2006]) are inapposite to the facts under consideration here. The building at issue in that case, although cracked, sinking and leaning, was not caving in.

We further conclude that there is an issue of fact whether the loss is covered in view of policy language concerning water damage, a policy provision that defendant characterizes as an "exclusion." We note that, "to 'negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case' " (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]; *see Chautauqua Patrons Ins. Assn. v Ross*, 38 AD3d 1190, 1191 [2007]).

Defendant contends that there is no coverage for the instant loss because the policy provides that there is no coverage for loss caused by water pressure to a foundation. The subject provision states that defendant does "not insure . . . for loss . . . [c]aused by . . . [f]reezing, thawing, pressure or weight of water or ice . . . to a . . . [f]oundation." In view of that unambiguous policy language and the opinion of defendant's expert that hydrostatic groundwater contributed to the damage to the wall, we conclude that defendant met its initial burden of establishing that the loss caused by water pressure to a foundation is not covered by the policy (*see generally Zuckerman*, 49 NY2d at 562).

Nevertheless, we conclude that plaintiff raised a triable issue of fact whether she is entitled to coverage for the loss in light of the policy language in question. Initially, we reject defendant's characterization of that language as a policy exclusion inasmuch as it appears in the section of the policy concerning the "perils insured against," i.e., that portion that defines the initial specification of coverage, and is not included within that portion of the policy that sets forth the policy exclusions. To the extent that the subject language conflicts with other policy language providing coverage for loss caused by decay, that conflict is to be resolved against defendant, which drafted the

policy (*see State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]; *Topor v Erie Ins. Co.*, 28 AD3d 1199, 1200 [2006]). In view of the opinion of plaintiff's expert that the loss was caused by "decay" concealed by the finished interior wall of the basement of plaintiff's home, we conclude that defendant is not entitled to summary judgment determining that there is no coverage for plaintiff by virtue of the application of the policy language in question (*see generally Zuckerman*, 49 NY2d at 562).

The policy also contains an exclusion for loss caused by "water damage," including "water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure." Defendant further contends that the water damage exclusion defeats coverage for plaintiff. We again conclude on the record before us that there is an issue of fact with respect thereto (*see id.*). Although defendant's expert attributed the loss to hydrostatic ground forces, plaintiff's expert determined that the damage was caused by structural weakening, in which event the water damage exclusion would be inapplicable. Defendant's further contention that the policy's earth movement exclusion defeats coverage for plaintiff was raised in defendant's letter informing plaintiff that there was no coverage but was not raised by defendant in support of its motion, and thus that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). There is also an issue of fact with respect to the applicability of the final exclusion upon which defendant relies, i.e., the exclusion for loss caused by inadequate construction or design. Even assuming, arguendo, that defendant met its burden on that part of the motion, we conclude that plaintiff raised an issue of fact concerning the applicability of the exclusion by submitting the affidavit of her expert, who concluded that ambient soil pressure, rather than inadequate construction or design methods, caused the loss (*see generally Zuckerman*, 49 NY2d at 562).

Finally, we agree with defendant that the court erred in concluding that defendant's letter to plaintiff concerning the absence of coverage did not meet "the specific and clear requirements under the law," although we note that defendant is not thereby entitled to summary judgment dismissing the complaint. Inasmuch as "this action involves a property insurance claim, it is not controlled by the high degree of specificity required . . . for a disclaimer of liability for death or bodily injury" (*Smith v General Acc. Ins. Co.*, 295 AD2d 738, 739-740 [2002]; *see* Insurance Law § 3420 [d] [2]). Here, defendant's letter adequately

sets forth the policy provisions on which defendant relied and, indeed, there is no indication that there was any confusion on plaintiff's part with respect to the policy provisions upon which defendant relied and thus that plaintiff was thereby prejudiced by any alleged lack of specificity (*cf. Vecchiarelli v Continental Ins. Co.*, 277 AD2d 992, 993 [2000]).

All concur except Carni, J., who dissents and votes to reverse in accordance with the following memorandum.

Carni, J. (dissenting). I respectfully dissent, inasmuch as I disagree with my colleagues that defendant is not entitled to summary judgment dismissing the complaint.

With respect to the issue whether the damage to plaintiff's foundation wall constituted a "collapse" within the meaning of the homeowners' insurance policy in question, I conclude that defendant established as a matter of law that there was no collapse within the meaning of the homeowners' insurance policy in question. The policy specifically defines its coverage for collapse with respect to buildings as "an abrupt falling down or caving in" and provides that "[a] building or any part of a building that is standing is not considered to be in a state of collapse even if it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion." Here, it is undisputed that plaintiff's home, and all component parts thereof, remained standing and had not abruptly fallen down or caved in. In my view, the nature of the damage was best described by plaintiff in her deposition testimony, wherein she stated that one of the foundation walls "moved in" and had not fallen in completely. The policy language concerning collapse is unambiguous and does not cover a condition that can at best be described as presenting a danger of imminent collapse rather than the actual and abrupt collapse or caving in covered by the policy (*see Rector St. Food Enters., Ltd. v Fire & Cas. Ins. Co. of Conn.*, 35 AD3d 177, 178 [2006]).

I further disagree that what the majority refers to as "structural weakening" is a peril insured under the policy. "Structural weakening" is a *result* rather than a *cause* of a loss, and plaintiff's own expert opined that the "structural weakening" resulted from "ground frost during the 2003-2004 winter season." There is thus no coverage under the unambiguous language of the policy, which provides that defendant does not insure for loss "[c]aused by . . . [f]reezing, thawing, pressure or weight of water or ice . . . to a . . . [f]oundation, retaining wall, or bulkhead." "Ground frost" is the non-covered cause and "structural weakening" is the result.

I further disagree with the majority that plaintiff raised an is-

sue of fact with respect to the policy exclusion for inadequate construction or design. The majority cites only to the conclusion of plaintiff's expert that the loss was caused by "ambient soil pressure," and thereby ignores that part of the opinion of the expert that the "ambient soil pressure exerted against the basement wall in its *weakened state* result[ed] in structural failure" (emphasis added). In my view, the "weakened state" is the same result, i.e., the structural weakening, caused by the "ground frost" discussed by the expert earlier in his affidavit. Thus, the opinion of plaintiff's own expert expressly establishes that the loss was caused by freezing water, a peril not covered under the policy. It is noteworthy that plaintiff's expert fails to explain how "ambient soil pressure" in the absence of the "weakened state" resulting from "ground frost" is a covered peril, rather than merely an expected or ordinary condition encountered by all foundations, "weakened" or not.

I therefore would reverse the order and grant defendant's motion for summary judgment dismissing the complaint. Present—Fahey, J.P., Carni, Green and Gorski, JJ.