# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**100**
**CA 15-01232**
PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

---

MARK SQUAIRS AND MARY SQUAIRS,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

SAFECO NATIONAL INSURANCE COMPANY, A LIBERTY
MUTUAL COMPANY, DEFENDANT-APPELLANT.

---

FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC, NEW YORK CITY (ROBERT M. WOLF OF COUNSEL), FOR DEFENDANT-APPELLANT.

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered April 22, 2015. The order and judgment, inter alia, granted the motion of plaintiffs for summary judgment and denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, plaintiffs' motion is denied, defendant's motion is granted, and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking a determination that defendant is obligated to provide coverage for damages to their home pursuant to an insurance policy issued by defendant to them. Plaintiffs' home was allegedly damaged when four exterior posts supporting a deck, which was structurally integrated into the second floor of the home, were damaged by hidden decay and rot. We conclude that Supreme Court erred in granting plaintiffs' motion for summary judgment, and instead should have granted defendant's motion for summary judgment dismissing the complaint.

Insofar as relevant, the policy excludes coverage for "wear and tear," "wet or dry rot," and "settling" or "cracking" of, inter alia, foundations, patios, walls, floors, roofs, and ceilings. The policy provides coverage for "collapse" of a building or part of a building. "Collapse" is defined in the policy as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose." The policy further provides that "[a] building or any part of a building that is in danger of falling down or caving in is not considered to be in a state of collapse" and that "[a] building

or any part of a building that is standing is not considered to be in a state of collapse even if it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion."

Here, the record establishes that plaintiffs' home was standing when they submitted their claim to defendant, and there had been no "abrupt falling down or caving in."  Thus, based on the unambiguous language of the policy, there was no "collapse" of plaintiffs' home (*see Viscosi v Preferred Mut. Ins. Co.*, 87 AD3d 1307, 1308, *lv denied* 18 NY3d 802; *Rector St. Food Enters., Ltd. v Fire & Cas. Ins. Co. of Conn.*, 35 AD3d 177, 178).  Rather, the support posts were subject to rot and deterioration over time and, even assuming arguendo, as plaintiffs contend, that the home was in a state of "imminent collapse," we conclude that there is no coverage (*see Rector St. Food Enters., Ltd.*, 35 AD3d at 178).  We note that plaintiffs erroneously rely on the line of cases finding a "collapse" in situations where the policy failed to define "collapse" (*see e.g. Wangerin v New York Cent. Mut. Fire Ins. Co.*, 111 AD3d 991; *Royal Indem. Co. v Grunberg*, 155 AD2d 187).  In light of our determination, we do not address defendant's remaining contentions.

Entered:  February 11, 2016                     Frances E. Cafarell
                                                Clerk of the Court