Citizens Ins. Co. of Am. v CMS Risk Mgt. Holdings, LLC (2018 NY Slip Op 03426)





Citizens Ins. Co. of Am. v CMS Risk Mgt. Holdings, LLC


2018 NY Slip Op 03426


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Sweeny, J.P., Manzanet-Daniels, Kahn, Oing, JJ.


5719 652801/15

[*1]Citizens Insurance Company of America, Plaintiff-Appellant,
v
CMS Risk Management Holdings, LLC, et al., Defendants-Respondents.


Kennedys CMK, New York (Matthew J. Lodge of the bar of the state of New Jersey, admitted pro hac vice of counsel), for appellant.
Wilkofsky, Friedman, Karel & Cummins, New York (David B. Karel of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered November 16, 2016, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment declaring that plaintiff has no coverage obligation.
On June 26, 2015, the New York City Department of Buildings (DOB) issued several violations to defendants, stating, among other things, that their five-story tenement building was "structurally unstable" and directing the tenants to immediately vacate the building as the condition of the building was "immediately perilous to life." On July 1, DOB issued another violation, stating that the building was leaning, that multiple joists had moved out of their pockets and were no longer load bearing, and that the building facade was cracked, bulging, leaning outwards, and separating from the side walls. The violation further directed defendants to commence "immediate demolition operations."
Defendants filed a claim pursuant to the policy of insurance issued by plaintiff. By letter dated August 3, 2015, plaintiff disclaimed coverage for any damage to the building pursuant to the policy's "Collapse Exclusion." The disclaimer further stated that the damage did not satisfy the terms of the "Additional Coverage" for collapse provisions of the policy, since the building did not suffer an abrupt collapse, as required under those provisions.
Pursuant to the relevant exclusions section of the policy, no payment would be made for any loss resulting from:
"Collapse, including any of the following conditions
of property or any part of the property:
"(1) An abrupt falling down or caving in;
"(2) Loss of structural integrity, including
separation of parts of the property or property
in danger of falling down or caving in; or
"(3) Any cracking, bulging, sagging, bending,
leaning, settling, shrinkage or expansion as
such condition relates to (1) or (2) above."
The policy's "Additional Coverage - Collapse" section provided that payment would be made for an abrupt collapse of a building caused by several distinct conditions, none of which were applicable to the facts of this case. However, this "Additional Coverage" provision contained its own exclusions as follows:
"3. This Additional Coverage - Collapse does not apply
to:
"a. A building or any part of a building that is
in danger or falling down or caving in;
"b. A part of a building that is standing, even
if it has separated from another part of the
building; or
"c. A building that is standing, or any part of
a building that is standing, even if it shows
evidence of cracking, bulging, sagging, bending,
leaning, settling, shrinkage or expansion."
Thereafter, plaintiff commenced this declaratory judgment action seeking a judgment that it has no obligation to pay defendants for the loss to their building.
In their answer, defendants admitted, in relevant part, that the building lost structural integrity, that it was in danger of falling down, that there had been no "abrupt" falling down or caving in, and that, at the time of the answer, the building was standing, albeit under an order directing its demolition.
Significantly, defendants further admitted that "[b]ased on the foregoing, the alleged damage to the Premises does not satisfy the terms of the Additional Coverage for collapse under the Citizen's Policy."
Plaintiff is entitled to a declaration that it is not obligated to pay for damage to defendants' building because there was no collapse within the meaning of the relevant insurance policiy. Even though the building required demolition, the event resulting in the loss was not covered by the provision of the policiy insuring against loss attributable to abrupt collapse (see Rector St. Food Enters., Ltd. v Fire & Cas. Ins. Co. of Conn., 35 AD3d 177 [1st Dept 2006]; Rapp B. Props., LLC v RLI Ins. Co., 65 AD3d 923, 924 [1st Dept 2009], lv denied 13 NY3d 914 [2009]; see also Graffeo v United States Fid. & Guar. Co., 20 AD2d 643, 644 [2d Dept 1964], lv dismissed 14 NY2d 685 [1964]). The policies were not ambiguous, and no exceptions to the collapse exclusion applied (see Monteleone v Crow Constr. Co., 242 AD2d 135 [1st Dept 1998], lv denied 92 NY2d 818 [1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK